Beaty *v.* The State.

---

No. 10,172.

## Beaty *v.* The State.

CRIMINAL LAW.—*Indictment.*—*Two or More Counts.*—*Verdict of Guilty on One Count.*—*Silence of Verdict.*—Where, on an indictment of two or more counts, the defendant is found guilty as charged in one count, and the verdict contains no finding as to the other counts, this silence of the verdict is equivalent to an express acquittal of the offences charged in such other counts.

SAME.—*Discretion of Trial Court.*—*Supreme Court.*—Whether or not the State should be compelled to elect on which one of two or more counts the defendant will be prosecuted, is a question for the decision of the trial court in its discretion, and will not be reviewed by the Supreme Court.

SAME.—*Embezzlement.*—*Felonious Intent.*—Where one is charged with the embezzlement of money or property entrusted to him, an intent to feloniously appropriate it, at the time of the appropriation, is essential; and if the appropriation is made upon the belief, honestly entertained by the defendant, that he has lawful title or right to the money or property, the act is not criminal.

SAME.—*Jurisdiction.*—Under section 1581, R. S. 1881, where property taken in one county, by embezzlement, has been brought into another county, the jurisdiction of the offence is in either county.

From the Marion Criminal Court.

*L. Jordan, W. N. Harding* and *A. R. Hovey,* for appellant.
*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *J. B. Elam,* Prosecuting Attorney, for the State.

HOWK, J.—The indictment in this case contained three counts. In the first count, the appellant was charged with stealing "one beast of the mule kind," of the value of $100, of the personal goods and chattels of Herman H. Lindemann and John F. Lindemann. In the second count, he was charged, as the agent and employee of the said Lindemanns, with the embezzlement of "a certain beast of the mule kind," of the value of $100, of the personal goods and chattels of the said Lindemanns; and in the third count he was charged, as such agent and employee, with the embezzlement of certain moneys, of the amount and value of $100, the proceeds of the sale of "a certain beast of the mule kind," of that value, of the personal goods and chattels of the said Lindemanns.

To this indictment the appellant, on arraignment, pleaded that he was not guilty, as therein charged. The issues joined were tried by a jury, and a verdict was returned, in substance, as follows: "We, the jury, find the defendant guilty as charged in the third count of the indictment, and that he be fined in the sum of one dollar, and be imprisoned in the State's prison for a period of two years." Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

The only error relied upon by the appellant's counsel for the reversal of the judgment below, is the decision of the circuit court in overruling the motion for a new trial.

Before proceeding to the consideration and decision of any of the questions presented and discussed by the appellant's counsel, it may be properly noticed that the verdict of the jury is entirely silent as to the issues joined upon the first and second counts of the indictment. It has often been held by this court, that such a verdict is equivalent to an express verdict, that the defendant is not guilty of the felonies charged in those counts of the indictment not mentioned in the verdict. *Bittings* v. *State*, 56 Ind. 101; *Bonnell* v. *State*, 64 Ind. 498; *Lamphier* v. *State*, 70 Ind. 317. In this court, therefore, the

third count of the indictment may be properly regarded as the only indictment against the appellant.

In this third count, it was charged in substance, that the appellant, on the 15th day of June, 1881, at and in the county of Marion, was then and there the agent and employee of Herman H. Lindemann and John F. Lindemann, for the purpose of selling and trading a certain beast of the mule kind, of the value of one hundred dollars, of the personal goods and chattels of the said Lindemanns, and the appellant, as such agent and employee received and took into his possession, as it was his duty so to do, said beast of the mule kind, and, in pursuance of such agency and employment, did sell and trade the said beast of the mule kind, and did receive and take into his possession, as the purchase-money of said beast of the mule kind, divers moneys, bills, notes, legal tender treasury notes, national bank notes, gold and silver coins, copper and nickel coins, amounting in all to one hundred dollars, and of the value of one hundred dollars, a more particular and accurate description of which said moneys, etc., is to said jurors unknown, and for that reason can not be given, all of which said moneys, etc., were then and there of the aggregate value of one hundred dollars, and current money of the United States, and of the moneys, personal goods and chattels of the said Lindemanns. And the appellant at and in the county of Marion, and on said 15th day of June, 1881, as such agent, did then and there unlawfully, feloniously, knowingly and fraudulently purloin, secrete, embezzle and appropriate to his own use all of said moneys, etc., current money as aforesaid and of the value aforesaid, so received as aforesaid, as the agent of the said Lindemanns, contrary to the form of the statute, etc.

The first point made by the appellant's counsel in argument is based upon the refusal of the court below to require the prosecuting attorney to elect on which counts of the indictment the State would proceed and rely; whether the State would rely on the first and second counts or on the first

and third counts.   The record shows that the appellant's motion for an order requiring such an election was made after the State had introduced its evidence and rested, and before the offer of any evidence by the appellant; that thereupon the prosecuting attorney represented to the court that the different counts in the indictment covered the same facts, and were not distinct crimes, but the same criminal acts charged in different ways as a precaution against variance, and that the court then overruled the appellant's motion.    There was no available error, we think, in this ruling of the court.   It is settled by the decisions of this court that the subject of appellant's motion is a matter wholly within the discretion of the trial court, and that the decisions of that court on such a motion will not be reviewed by this court.    *Mershon* v. *State,* 51 Ind. 14; *Snyder* v. *State,* 59 Ind. 105; *Lamphier* v. *State, supra.*

The appellant's counsel earnestly insist that the doctrine of the cases cited is not applicable to the case in hand, but we think otherwise.   In the early case of *McGregg* v. *State,* 4 Blackf. 101, the court said : " Where there are two or more counts for apparently distinct felonies, as there legally may be in many instances, it can not be a matter of course, as the plaintiff in error contends it is, for the defendant to compel the prosecutor to elect on which single count he will go to trial.   If that were the case, it would at once render nugatory the established and legal practice of inserting several counts in an indictment for felony.   There could be no possible use in inserting several counts, if the defendant could, in effect, have them all but one struck out of the indictment. The truth is, the different counts in an indictment for felony, are usually drawn with a view to one and the same transaction ; and the object of inserting several counts is, that some one of them may be found, on the trial, to be in accordance with the evidence.   This is a legitimate object, and the court will never, in such a case, interfere with the proceeding."

In the case at bar, the prosecuting attorney told the court

in effect, in response to appellant's motion, that the different counts in the indictment were drawn with a view to one and the same transaction. Upon this representation, we are of the opinion that the court committed no error in overruling the appellant's motion to require the prosecuting attorney to elect on which counts of the indictment the State would proceed and rely.

The appellant's counsel next complain of the refusal of the court to give the ninth instruction asked by appellant, in substance, as follows:

" Though the jury may believe that the moneys alleged to have been embezzled did come into the possession of the appellant, as the agent of the Lindemanns, and was by him put to his own use, the same being the Lindemanns' property; still, if the evidence showed that the appellant, at the time, did not intend to embezzle such moneys, but intended to return the same to the owners thereof, then the jury should acquit him on the third count of the indictment."

If it were conceded that this instruction stated the law correctly, it would seem to us that there was no available error in the court's refusal to give it, for the reason that its subject was fully and clearly covered by the fourth instruction, given by the court of its own motion and in its own language. In this latter instruction, the jury were told, in substance, that, in the event of their acquitting the appellant of the charge of larceny, in the first count, then they must determine whether or not he was guilty of embezzlement, as charged in either the second or third count of the indictment. " In such cases, an intent to feloniously appropriate the property, at the time of the appropriation, is essential, and if the appropriation is made upon the belief, honestly entertained by the accused, that he has lawful title or right to appropriate it, the act is not criminal." We think the closing sentence of this instruction states the law upon the point under consideration, more clearly and accurately than it is stated in the instruction asked by appellant, and we do not doubt that the latter instruction

was properly refused. Indeed, while we think that the intent of the appellant, at the time of his appropriation of the moneys in question, was a proper matter for the consideration of the jury, yet we can not agree that the instruction refused contained a true statement of the law in regard to such intention. If the appellant honestly intended, at the time of his use of such moneys, to return the same to the owners thereof, and if his conduct in relation thereto had been such as to show such intention on his part, he could hardly have been convicted of the embezzlement of such moneys; but, even if the instruction was otherwise unobjectionable, we would be obliged to hold that it was properly refused, on the ground that it was not applicable to the case made by the evidence.

For the same reasons, we think that the court did not err in refusing to give the jury the thirteenth and fourteenth instructions asked by the appellant. There is no substantial difference between these instructions and the ninth instruction already considered.

We are of the opinion, also, that the fifteenth and sixteenth instructions asked by appellant were correctly refused by the court. The evidence before the court and jury did not warrant the giving of these instructions, even if the statements of law therein were abstractly correct; but we do not think that they stated the law correctly, even as abstract propositions. Some complaint is made by appellant's counsel of the instructions given the jury by the court below; but a careful consideration of these instructions has led us to the conclusion that there is no error therein, of which the appellant can complain.

Finally, it is insisted by the appellant's counsel, that the evidence failed to show that the court below had jurisdiction of the offence; but upon this point we think that counsel are mistaken. The evidence showed, it is true, that the mule was sold, and the purchase-money received, by the appellant, in Shelby county; but it is also true that, shortly after the sale, and before he left the State, he came into Marion county,

having in his pocket a part of such purchase-money. This was shown by the appellant's own testimony. In such a case, it is provided in section 8 of the criminal code of 1881 (sec. 1581, R. S. 1881), that "the jurisdiction is in either county."

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.