## GILLENWATER v. STATE OF INDIANA.

[No. 24,488.   Filed May 15, 1925.   Rehearing denied October 13, 1925.]

1. INTOXICATING LIQUORS.—*Proof of allegation in affidavit that parties to whom liquor was sold were unknown to affiant, unnecessary in absence of evidence to contrary.*—Where the defendant was · charged with selling intoxicating liquor to parties unknown to the person making the affidavit, in the absence of any evidence tending to show that the maker of the affidavit knew the person to whom the liquor was sold, as charged therein, the State was not required to prove that he did know it.   p. 559.

2. CRIMINAL LAW.—*Where the affidavit charging offense alleges that certain persons or facts were unknown, not necessary to prove allegation in absence of evidence to contrary.*—Where the affidavit charging the offense contains the statement that certain persons or facts were unknown, it is not necessary for the State to prove the allegation in the absence of evidence tending to show that the person who made the affidavit really knew the persons or facts.   p. 559.

3. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for selling intoxicating liquor.*—Evidence held sufficient to support inference which the jury drew that defendant was guilty of selling intoxicating liquor.   p. 559.

4. CRIMINAL LAW.—*Only objections made in trial court are available on appeal.*—On appeal from a criminal prosecution, only those objections which were made in the trial court are available as cause for reversing the judgment, and not other objections neither presented to nor passed upon by that court. p. 560.

5. CRIMINAL LAW.—*Admission of evidence in support of count on which defendant was found not guilty not prejudicial.*—The admission of evidence in support of a count of the affidavit on which the defendant was found not guilty could not have prejudiced the defendant.   p. 560.

6. CRIMINAL LAW.—*Prosecution by affidavit containing several counts, finding of guilty as to one count equivalent to acquittal on other counts.*—In a prosecution by affidavit consisting of two or more counts, a finding that defendant was guilty only as charged in one count is equivalent to a finding that he was not guilty of the offenses charged in the other counts.   p. 561.

7. INTOXICATING LIQUORS.—*Harmless error to refuse to give instruction that, at time of commission of offenses charged, possession with intent to sell was not unlawful.*—Where defendant was prosecuted by affidavit in three counts, the court's refusal

to give instructions that, at the time of the commission of the offenses charged, the possession of intoxicating liquor with intent to sell was not unlawful, was harmless error where the defendant was found guilty only on the count charging a sale, as that was equivalent to a finding of not guilty on the other counts, there being no count charging possession with intent to sell. p. 561.

8. CRIMINAL LAW.—*Court not required to give instructions not pertinent to the offense charged or the evidence.*—The court is not required to give instructions which are not pertinent to the charge on which the defendant is on trial nor to the evidence introduced. p. 561.

9. CRIMINAL LAW.—*Appellate tribunal cannot assume that defendant was harmed by refusal to give additional instructions on charge of which he was acquitted.*—An appellate tribunal cannot presume that a convicted defendant was harmed by the court's refusal to give further instructions touching a charge of which he was acquitted. p. 561.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Sidney Gillenwater was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*F. Clayton Mansfield,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

EWBANK, J.—The affidavit under which appellant was prosecuted contained four counts, but the verdict found only that he was "guilty as charged in the first count," and fixed his punishment at a fine of $500 and imprisonment for six months. Judgment was rendered accordingly. Overruling the motion for a new trial is the only alleged error presented for consideration, under which appellant has specified the refusal to give certain instructions, as requested, the admission of certain items of evidence, and the alleged insufficiency of the evidence to sustain the verdict. The first count of the affidavit alleged that on April 18, 1923, at the county of Delaware, State of Indiana, appellant did then and

there unlawfully sell, barter, exchange, give away, furnish and dispose of intoxicating liquors to divers persons whose names were to the affiant unknown. There was evidence that on said date, at about 9 o'clock in the evening, appellant and three other men were in his rug cleaning establishment at Muncie, with the door locked and the blinds pulled down on the door and window; that the three men were white men; that this was in a room fifty feet long adjoining a small room used by appellant as a living apartment at the back end; that one of the men there was a local doctor and another was a "travelling salesman" who had come with him; that, when these two men arrived, they had found the door locked, but it was opened to admit them and was again locked; that four police officers, with a search warrant for his place, knocked at appellant's door, when he went to it, raised the blind and looked out, and, on seeing the officers, pulled the blind down and started toward the back part of the room; that the officers entered and followed close behind him, appellant's witnesses testifying that he opened the door for them, and the officers saying that they pushed it open; but there was no suggestion that their entry was unlawful; that, when the officers entered, appellant was going toward some whisky in the back part of the room "trying to get to those bottles"; that the three visitors were sitting within five or six feet of the stove, on the side away from the door; and still farther back in the room, about fifteen or twenty feet from the door by which the officers entered, was a quart bottle with a half-pint of "white mule" or "moonshine" whisky in it, and a "whisky glass" beside it, and a bottle, partly full of wine, setting on a restaurant stool; that the three men were sitting about ten feet or less from the stool where the whisky was; that none of the men seemed ill; that the officers also found another small glass there; that in

.the room were also a bed, some piles of rugs, some setting hens, two chairs, another stool and some "junk"; that appellant had been in the business of cleaning rugs there for three years; none of the visitors took a rug away when they left; that both white and colored people frequently came there; that before the officers came in, the doctor handed appellant a bottle of medicine and some tablets in an envelope for which and the trip out there, he charged appellant $3, but there was no evidence that any money was paid; that after talking with appellant over the telephone, the doctor and travelling salesman had driven twenty blocks in the salesman's car from the doctor's office to appellant's place; that of the three visitors who were in appellant's place, one was not known to any witness examined on behalf of the state, and another was not known to two of them. The man who made the affidavit on which appellant was prosecuted did not testify, and there was no testimony whether or not he knew any of the men referred to.

In the absence of any evidence tending to show that the one who made the affidavit really knew the name of the person to whom intoxicating liquor was sold,
1-3. etc., as charged therein, this evidence was not insufficient for lack of specific proof that he did not know it. *Carter* v. *State* (1909), 172 Ind. 227, 232, 87 N. E. 1081. The facts proved sufficiently support the inference which the jury drew that appellant was guilty of the offense charged.

Appellant objected and excepted to the introduction of certain items of evidence the admission of which he has specified as errors. But, in each instance, he offered an objection in the trial court which he has wholly abandoned on appeal, and is urging in this court reasons for the exclusion of the evidence which were not suggested to the court below. Thus, when evidence was offered of reputation, the objection made in each in-

stance was that the witness had not been shown by preliminary questions to be sufficiently acquainted in the community; no objection being suggested to the form of the questions asked or to the facts sought to be proved. But appellant's statement of points, citation of authorities and argument with reference to the ruling on this objection are all addressed to the single proposition that the questions asked by the prosecuting attorney which elicited the testimony complained of were not confined to the matter of reputation in the particular neighborhood. And, in the cross-examination of a witness for the defense, a question was asked to which the only objection offered was that the fact inquired about was "wholly immaterial"; while the objection urged on appeal, supported by the authorities cited and the argument made, is that "the cross-examination of a witness should be confined to the subject-matter of the original examination."

It is only those objections which were made in the trial court that are available as cause for reversing a judgment on appeal, and not other objections neither presented to nor passed upon by that court. *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 441, 102 N. E. 369; *Howard* v. *State* (1921), 191 Ind. 232, 243, 131 N. E. 403, 407; *Massachusetts, etc., Ins. Co.* v. *State, ex rel.* (1921), 191 Ind. 595, 131 N. E. 398, 402; *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 144 N. E. 545, 548. Besides, the evidence complained of was offered to support the charge contained in a different count of the affidavit than the one under which appellant was found guilty, and it does not appear that appellant could have been prejudiced in any manner by its admission.

The court gave separate instructions with relation to the charge in each count of the affidavit, setting out

the statute upon which the charge in such count 6-9. was based, and reciting just what facts must be found "beyond a reasonable doubt" to authorize a conviction in each instance. The instructions given with relation to the first count recited the provisions of the statute declaring it to be unlawful "to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor," and providing what should be the penalty for so doing (§1, Acts 1923 p. 70), and declared the law with reference to that charge as follows: "If you find from the evidence beyond all reasonable doubt that the defendant, Sidney Gillenwater, on or about the 18th day of April, 1923, did then and there unlawfully sell, barter, exchange, give away, furnish and dispose of intoxicating liquor, to divers persons whose names were unknown, within Delaware county, State of Indiana, then the defendant is guilty under the first count of said affidavit." The court also instructed the jury, at the request of appellant, that, at the time the alleged offense was committed, the mere possession of intoxicating liquor was not unlawful. No objections have been suggested by appellant to any of the instructions given. But appellant also asked the court to give instructions stating that at said time the possession of intoxicating liquor with intent to sell, barter, exchange, give away, furnish, or otherwise dispose of the same was not unlawful, and that the possession of less than a gallon of intoxicating liquor was no evidence that the accused intended to sell, barter, exchange, give away, furnish or otherwise dispose of it in violation of law. The affidavit did not contain a charge, in any count, that he did have possession of liquor with any such intent. And the finding that appellant was guilty only as charged in the first count, which alleged an actual sale, gift, barter,

etc., was a finding that he was not guilty of any offenses charged by other counts of the affidavit, whether possession with such intent could enter into any of them as an element or not. *Beaty* v. *State* (1882), 82 Ind. 228, 229; *State* v. *Morrison* (1905), 165 Ind. 461, 462, 75 N. E. 968.

Neither does it appear that any question to which the requested instructions would be pertinent was brought into the case by the introduction or offer to introduce evidence, or by anything said in argument. The court was not required to give instructions which would not have been pertinent to the issues joined nor the evidence heard. Neither can we presume that appellant was harmed by a failure to give further instructions touching a charge of which he was acquitted, even should we assume that the requested instructions might have been proper under some count of the affidavit other than the one on which he was found guilty.

The judgment is affirmed.