## POCKER v. STATE OF INDIANA.

[No. 25,000. Filed February 3, 1926. Rehearing denied April 28, 1926.]

1. CRIMINAL LAW.—*Supreme Court will not reverse judgment of conviction where there was evidence from which inference of guilt might reasonably be drawn, though there was evidence to the contrary.*—The Supreme Court will not reverse a judgment of conviction where there was evidence from which an inference of guilt might reasonably have been drawn, although there was other evidence to the contrary. p. 600.

2. CRIMINAL LAW.—*Party objecting to evidence, or moving to strike it out, must state specific grounds of objection, and no others will be considered on appeal.*—A party objecting to the admission of evidence, or moving to strike it out, must state to the trial court the specific ground or grounds of objection relied on, and only such objections are available on appeal as were there made and ought to have been sustained. p. 600.

3. CRIMINAL LAW.—*Admission of testimony held harmless when defendant testified to the same facts.*—The admission of testimony that a witness made a certain inquiry was not available error on appeal when the defendant testified to all the facts which such witness said he learned by making such inquiry. p. 601.

4. CRIMINAL LAW.—*Exclusion of deed to land in another section from defendant's farm held not error because not relevant.*—In a prosecution for unlawfully possessing a still, the exclusion of a deed to land in a certain section was not error where defendant's farm was in another section and no evidence was offered to show that any line of the land first referred to constituted a boundary of defendant's lands, as it would not be relevant. p. 602.

5. CRIMINAL LAW.—*Refusal to give requested instruction not error when covered by court's instruction.*—The refusal to give a requested instruction is not error when the court's instructions covered all of the requested instruction that was proper. p. 602.

6. INTOXICATING LIQUORS.—*Newly-discovered evidence held not inconsistent with possession of still by defendant.*—In a prosecution for unlawfully having possession of a still for the manufacture of intoxicating liquor, no error was committed in overruling a motion for a new trial on the ground of newly-discovered evidence, when such evidence merely showed that, on the day before the seizure of the still, other persons had brought grain to the point where the still was found, as it would not be inconsistent with possession of the still by the defendant. p. 602.

From Harrison Circuit Court; *Thomas J. Wilson*, Judge.

Hugo Pocker was convicted of having possession of still for the manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*Frank Self* and *Clyde R. Lottick*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant, the defendant below, was charged by affidavit with unlawfully having in his possession and under his control a certain still and distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state, at Harrison county, Indiana, on November 22, 1924. Waiving arraignment he entered a plea of not guilty. The jury returned a verdict finding him guilty as charged and stating his age, and the court sentenced him to imprisonment for a term of not less than one year nor more than five years. Overruling his motion for a new trial is assigned as error, under which he specifies that the verdict is not sustained by sufficient evidence and is contrary to law, that the court erred in admitting certain evidence and in excluding certain other evidence, and that it erred in refusing to give an instruction tendered by the defendant, and in refusing to grant a new trial on the ground of newly-discovered evidence.

There was evidence from which an inference might reasonably be drawn that defendant had possession of
a still for the purpose charged, and this court
1. cannot reverse the judgment on the weight of other evidence to the contrary.

Appellant complains of the admission of three different items of evidence given by witnesses in answer to as many questions. But in two instances
2. swer to as many questions. But in two instances the record does not show that the defendant or

his attorney stated any ground of objection whatever at the time the evidence was admitted, but only recites that, "counsel for the defendant now objects to the question, which objection is overruled by the court, to which ruling of the court counsel for defendant at the time excepts." And motions to strike out the evidence thus admitted were in the same general terms, without stating any reasons why it should be stricken out. A party objecting to the admission of evidence or asking that it be struck out must state to the trial court the specific ground or grounds of objection relied on, and only those objections are available as causes for reversal, on appeal, which were made and ought to have been sustained in the court below. *Gillenwater* v. *State* (1925), 196 Ind. 556, 147 N. E. 714, 715; *Dillon* v. *State* (1924), 194 Ind. 600, 604, 142 N. E. 643; *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 144 N. E. 545; *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1; *Stout* v. *Rayl* (1896), 146 Ind. 379, 386, 45 N. E. 515; Ewbank, Indiana Trial Evidence §253. No specific objections to this evidence having been made in the trial court, mere general objections are not available as causes for reversing the judgment appealed from.

A question asked of the witness Liebert whether or not he made a certain inquiry, being objected to, was answered "I did," and appellant excepted. But 3. it does not appear that any objection was made to other questions asked of this witness, nor to his testimony in answer to those questions, in which he related the result of his inquiry; while the defendant, himself, testified to all the facts which this witness said he learned by making the inquiry referred to. There was no available error in the admission of this evidence.

The undisputed evidence showed that the farm occupied by defendant was in section 24; and a deed pur-

porting to convey a part of section 25, having 4. been offered in evidence to "show that the south line of the place occupied by defendant is a straight line," was excluded, to which ruling defendant excepted. But no evidence having been offered at that time which tended to show that any line of the lands in section 25, as described in this deed, also constituted a boundary of the lands in section 24, occupied by defendant, the deed was not shown to be pertinent or material, and no error was committed in excluding it.

Appellant complains of the refusal to give a requested instruction that, "evidence as to the possession of barrels containing mash and of mash is not suffi- 5. cient to warrant a conviction for possessing a still or distilling apparatus." But the court already had instructed the jury that the charge against defendant was having in his possession and under his control a still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of this state, and that unless they and each of them were convinced beyond a reasonable doubt that he had in his possession and control a still or distilling apparatus for the manufacture of intoxicating liquor in violation of law they could not find him guilty. The instructions given fully covered what was proper of the one refused.

In support of his motion for a new trial on the ground of newly-discovered evidence, defendant filed affidavits tending to show that persons other than 6. himself, on the day before the discovery and seizure of the still, had brought grain down the river in a skiff to a point where certain barrels of mash were found, not far from where the still was concealed. But the facts which the newly-discovered evidence would have a tendency to prove were not necessarily inconsistent with the possession by defendant, on the next day, of the still and other apparatus, and an in-

tent on his part by means of such still, to manufacture intoxicating liquor from mash, whether made from the grain brought down the river by those men, or otherwise obtained. No error was committed in overruling the motion for a new trial.

The judgment is affirmed.