## HUMBLE v. STATE OF INDIANA.

[No. 25,240. Filed February 17, 1928.]

1. **CRIMINAL LAW.**—*Errors assigned on appeal are waived when not discussed in the "Points and Authorities" part of appellant's brief.* p. 654. ·

2. **CRIMINAL LAW.**—*Objections to court's rulings must be shown by record and appellant's brief on appeal.*—Objections to the court's rulings must have been made in the trial court, and this fact must be shown by the record and by appellant's brief to obtain a review thereof on appeal. p. 654.

3. **CRIMINAL LAW.**—*Specific objections to admission of evidence must be made and no others are available on appeal.*—A party objecting to the admission of evidence must state to the trial court the specific grounds of objection and only such objections are available on appeal as were there made and ought to have been sustained. p. 654.

4. **CRIMINAL LAW.**—*Validity of search warrant or affidavit therefor must be questioned in trial court.*—The validity of a search warrant or of the affidavit on which it was issued cannot be questioned on appeal unless the question was presented to the trial court. p. 655.

5. **CRIMINAL LAW.**—*Evidence considered on appeal in determining whether verdict sustained by evidence.*—An appellate tribunal can only consider the evidence supporting a verdict in determining whether it is sustained by sufficient evidence. p. 657.

6. **INTOXICATING LIQUORS.**—*Evidence held sufficient to sustain conviction for possessing intoxicating liquor.*—Evidence *held* to sustain conviction for unlawfully possessing intoxicating liquor found in defendant's possession in her husband's home during his absence. p. 658.

7. **INTOXICATING LIQUOR.**—*Presumption as to coercion of wife by husband to commit crime of possessing intoxicating liquor.*—The mere fact that the premises where intoxicating liquor was found constituted the home of the defendant and her husband would not, of itself, raise the presumption that the husband coerced the defendant to commit the crime of having possession of intoxicating liquor. p. 658.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Isabella Humble was convicted of unlawfully possess-

ing intoxicating liquor, and she appeals.   *Affirmed.*

*Edward R. Templer* and *Clarence E. Benadum,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Dale F. Stansbury,* for the State.

WILLOUGHBY, C. J.—The appellant was convicted of having the possession of intoxicating liquor on or about January 26, 1926, in the county of Delaware, State of Indiana.

The affidavit alleges that said possession was unlawful. The trial was by jury and the jury returned a verdict finding the appellant, Isabella Humble, guilty, and fixed and assessed her punishment at a fine in the sum of $300 and that she be imprisoned in the county jail for a period of five months.

A motion for a new trial was filed and overruled, and judgment rendered upon the verdict, and from such judgment the defendant appealed.   The only error properly assigned and not waived is that the court erred in overruling appellant's motion for a new trial.   And the only question presented in appellant's brief is the ruling of the court upon the specifications of said motion, that the verdict is not sustained by sufficient evidence and is contrary to law.

A motion was made to quash the affidavit and the ruling on this motion was assigned as error, but it has been waived by the appellant not discussing the
1.   ruling in any way under "Points and Authorities" in her brief.   *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Land* v. *State* (1926), 198 Ind. 342, 151 N. E. 823; Supreme Court Rule 22.

It is alleged by the appellant under "Points and Authorities" in her brief that the court erred in admitting in evidence facts discovered by a search warrant
2, 3.   which appellant alleges was illegal and void, but it does not appear from appellant's brief or the

record that any of these objections were made in the trial court or that the trial court had any opportunity to decide any of the questions now complained of. A party objecting to the admission of evidence or moving to strike out must state to the trial court the specific grounds of objections and only such objections are available on appeal as were there made and ought to have been sustained. *Pocker* v. *State* (1926), 197 Ind. 599, 150 N. E. 408; *Gillenwater* v. *State* (1925), 196 Ind. 556, 147 N. E. 714; *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403; *Massachusetts, etc., Ins. Co.* v. *State, ex rel.* (1921), 191 Ind. 595, 131 N. E. 398; *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 144 N. E. 545.

No question of the validity of the search warrant or of the affidavit for the same was in any way presented in the trial court, therefore appellant cannot 4. raise these questions on appeal. *Sanford* v. *State* (1926), 198 Ind. 198, 152 N. E. 814; *Wishmire* v. *State* (1925), 196 Ind. 104, 147 N. E. 278; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674.

The evidence of the state connecting the appellant with the possession of liquor is that when the officers kicked in the door and went into the residence of Joseph Humble, they found his wife in the house and another person named Earnest Willis, who was a roomer at the house. That appellant took a pitcher out of the kichen cabinet and threw it towards a sink. The appellant claims that a wife who is not shown to own or have the exclusive control of the intoxicating liquor found in her husband's house is not liable for the intoxicating liquor found therein, and refers to *Dressler* v. *State* (1923), 194 Ind. 8, 141 N. E. 801; *Caldwell* v. *State* (1922), 193 Ind. 237, 137 N. E. 179; *Welch* v. *State* (1926), 197 Ind. 258, 150 N. E. 761, in support of said proposition.

Mervin Collins, a police officer, testified as follows:

"I made a visit the 26th day of January, 1926, to the premises of Joseph Humble at 513 East 3rd Street. I had a search warrant for said premises. We, officers Hankinson, Paris, Kennett and myself, went to his home on said date and officer Kennett and myself went to the front door and Hankinson and Paris to the rear door and Isabella Humble started to the door saying, 'Coming.' She stopped, and we knocked again, and she said, 'Wait a minute, I'm coming,' then we 'knowed' it was her and I saw Willis run for the kitchen. We kicked the door in and went into the kitchen and he was standing there and she came in; there was a place on the floor where broken glass was and we smelled the odor of whisky, and while we were searching there, Mrs. Humble walked over to the kitchen cabinet and took a pitcher out of the cabinet and threw it toward the sink, and some liquor from the pitcher went into a small dish and we got that and the rest went on the floor. I read the search warrant to Isabella Humble. She is the wife of Joseph Humble. He was not present when it was read. . . . We have the pitcher she threw. Some of the intoxicating liquor was found in a small dish. We put the liquor we saved in a half-pint bottle and it is here, marked State's Exhibit 'D. We arrested Mrs. Humble and Willis, her roomer, and took them to the police station. Had a conversation with Earnest Willis at that time, in which he made the statement that he had thrown out some whisky and there was no use to deny it. Mrs. Humble kept saying, I didn't throw it. The premises we searched were Joseph Humble's premises." Officers Hankinson, Paris and Kennett testified substantially the same as Collins.

In 21 Cyc 1147, it is said, the husband is the head of the family and as such has the general right at common law to regulate the household, its expenses, and its visi-

tors, and to exercise the general control of the family management.

In *Caldwell* v. *State, supra,* it is held that the common law prevails in this state giving a married woman the benefit of the presumption of coercion of her husband for any crime, except treason or murder, committed by her in his presence, entitling her to a discharge unless this presumption is rebutted.

In *Vukodonovich* v. *State* (1926), 197 Ind. 169, 150 N. E. 56, it is said that where a married woman was charged with selling intoxicating liquor in her home, the husband being in another part of the house, the testimony of the husband that he did not know that his wife sold liquor and that he did not tell or order her to do so was sufficient to overcome the presumption that he coerced her to commit the crime.

The appellant testified that she had no intoxicating liquor of any kind at her home at the time of the raid. She was shown State's Exhibit "D" and asked to examine the contents thereof. She did so and stated that it didn't smell like alcohol to her. She was asked what was in the pitcher when the police officers came to her home on this particular day. She said, "A little bit of alco-rub, I had to rub my husband's rheumatism, I borrowed this alco-rub from Mrs. Simmons, she lives the third door from me and I took it home in a pitcher."

It thus appears from the evidence that the liquor contained in the pitcher thrown by appellant into a bucket under the sink was the liquor found on the premises and which this appellant was charged with keeping. She denied that it was alcoholic liquor or intoxicating liquor of any kind, but the officers testified to the alcoholic contents of it and for the purpose of determining whether the verdict is sustained by

sufficient evidence we can only consider the evidence sustaining the verdict.

Appellant further testified that Joseph Humble was not at home and that she did not know where he was at that time; that she was cleaning up the kitchen 6, 7. and Willis had just come in and paid rent for his room. We find no evidence in the record showing that appellant had used the alco-rub on her husband or that he knew it was in or about the house. The crime was not committed by the appellant in her husband's presence and the mere fact that the premises were the premises of her husband will not of itself raise the presumption that he coerced her to commit the crime.

Judgment affirmed.