### Kuslulis *v.* State of Indiana.

[No. 25,637. Filed April 11, 1930.]

*George P. Rose,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This is an appeal from the judgment of conviction of the crime of assault and battery with intent to rape upon Alice Huebner, a female child under the age of 12 years.

On the 30th day of June, 1927, an affidavit was filed in the Lake Criminal Court at Crown Point, Indiana. On the same day the defendant was arrested and gave bail. On the 12th day of April, 1928, appellant waived arraignment and pleaded not guilty and waived a trial by jury. The cause was submitted to the court for hearing and trial. On the 16th day of April, 1928, the

trial was completed and the court found appellant guilty as charged in the indictment. On the 23rd day of April, 1928, appellant filed his motion for a new trial. On the 27th day of April, 1928, the motion for a new trial was overruled, to which ruling of the court the appellant then and there excepted. On the 24th day of May, 1928, the court rendered judgment against appellant, sentencing him to the Indiana State Prison for a period of not less than one nor more than 10 years, and to pay the costs of this prosecution. Appellant prayed an appeal to the Supreme Court, which was granted.

The affidavit alleges that on or about the 4th day of June, 1927, at and in the county of Lake, State of Indiana, John Kuslulis did then and there unlawfully and feloniously touch one Alice Huebner, a female child under 12 years of age, in a rude and insolent manner, and her, the said John Kuslulis did then and there unlawfully and feloniously ravish and carnally know.

After the trial of the case, the court read the following finding: "Comes now the State of Indiana by its Prosecuting Attorney and comes also the defendant in his own proper name and person and by counsel, and the trial of this cause is now resumed, pursuant to adjournment of April 12th, 1928, and after all the evidence is heard, both sides rest, and the court, after being fully advised in the premises, now finds that the defendant is guilty of assault and battery with intent to commit rape, as charged; that he is thirty-two (32) years of age and that he be imprisoned at the Indiana State Prison. for a period of not less than one nor more than ten years and pay the costs of this prosecution."

In his motion for a new trial, the defendant alleges the following reasons: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law; (3) newly discovered evidence material to this defendant, which he could not with

reasonable diligence have discovered and produced at the trial, the particulars thereof will fully appear in the affidavit of this defendant and of one Tom Dolla and one D. A. Farster, attached and made a part hereof, to which defendant here now makes reference.

On appeal, appellant makes the following assignment of error: The court erred in overruling appellant's motion for a new trial.

Under "Points and Authorities," appellant says in his brief that the finding of the court is not sustained by sufficient evidence. The evidence in this case was positive so far as the prosecuting witness was concerned. It appears from said evidence that the appellant repeatedly had sexual intercourse with this child, covering a period of several months. The evidence shows that the prosecutrix was, when such acts occurred, under 12 years of age.

There was no motion made by appellant to require the State to elect upon which particular act, as shown by the evidence, it relied for conviction, so no question arises upon the evidence offered. Bartlow v. State (1915), 183 Ind. 398, 109 N. E. 201. The series of acts committed by the appellant in this case, as shown by this evidence, were all within five years prior to the filing of the affidavit and took place in the county and state alleged in the affidavit. The evidence was, therefore, sufficient to sustain the finding of the court.

Appellant contends that the finding of the court is contrary to law because it found the defendant guilty of assault and battery with intent to commit rape, when in fact the evidence shows that the rape was committed. This objection is not sustained by authority. The finding of the court that appellant was guilty of a lesser offense is not contrary to law. See *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632; *Polson* v. *State* (1893), 137 Ind. 519, 35 N. E. 907;

*Hanes* v. *State* (1900), 155 Ind. 112, 57 N. E. 704. Appellant contends that the testimony of the prosecutrix is so unreasonable that no conviction can be based upon it. He also contends that the conviction cannot be had upon the testimony of the prosecutrix alone. These contentions are not tenable. See *Chesterfield* v. *State, supra; Ginter* v. *State* (1920), 189 Ind. 672, 128 N. E. 834; *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151, 148 N. E. 197.

In *Ginter* v. *State, supra,* the conviction was upon the testimony of the prosecutrix alone, and it was claimed in that case, as in this, that the story of the prosecuting witness was unbelievable because so unreasonable, and the court in that case stated: "It seems that twelve average men believed it, and that a thirteenth one, the trial judge, experienced in law and in weighing evidence, by overruling a motion for a new trial, found that the twelve were not unreasonable in believing it. . . . The reason that we cannot overthrow the action of a jury and the trial court is because we know that words spoken by the witnesses are not the sole things that carry conviction. There is an indefinable something in a human being called personality. Words spoken by one witness carry conviction to the minds of the jurors and the court, while the same words spoken by another witness have the opposite effect."

In the instant case the trial was by the court without a jury. The court heard the evidence and, after taking the case under advisement for some time, decided in favor of the State. In other words, the court believed the evidence of the prosecuting witness. Afterwards the evidence was reviewed before him upon the motion for a new trial, and he again believed such evidence. He saw the witnesses, heard them testify. He was experienced in the trial of causes, and we are not at liberty to disturb his finding on this question of fact.

In *Lowery* v. *State, supra,* the appellant asked the Supreme Court to reject all the evidence given by two deputy sheriffs as being contrary to reasonable probability, and inconsistent with the common principles by which the conduct of mankind is naturally governed, and to condemn their story as made up of perjury. The court said: "This we cannot do. Nothing was testified that could not have happened exactly as stated. . . . The credibility and weight of the evidence, and the inferences to be drawn from the facts proved, are primarily for the jury, and secondarily for the trial judge, in passing on the motion for a new trial. And if the jurors and the trial judge have given credit to testimony that a thing was done or was said, and have drawn therefrom an inference of guilt, their action will not be set aside on appeal merely because the defendant denied what was testified, or because it may seem probable that a shrewd offender would act more wisely. If the evidence above set out was believed by the jury it was sufficient to support the inference which they drew that appellant was guilty, as charged."

The trial court, where the trial is by the court without a jury, takes the place of the jury in determining the facts at issue, and if the trial court has so determined them and has reviewed them on motion for a new trial, this court will not disturb his conclusion. This court cannot undertake to say that the evidence, under the circumstances believed by him, is unworthy of credit.

In a case of this kind, the court of review can consider only the evidence sustaining the verdict or finding for the purpose of determining whether the verdict or finding is sustained by sufficient evidence. *Humble* v. *State* (1928), 199 Ind. 653, 160 N. E. 41; *Thompson* v. *State* (1928), 199 Ind. 697, 160 N. E. 293; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

Appellant also alleges in his motion for a new trial,

as one of the reasons, newly discovered evidence. A new trial will not be granted for newly discovered evidence that is merely cumulative or that would not probably change the result. *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697.

An examination of the affidavits in support of that part of the motion shows nothing which would warrant the granting of a new trial. Newly discovered evidence, to justify the granting of a new trial, must be so convincing to a trial court that, if given on a retrial, a verdict of acquittal would result. *Bruce* v. *State* (1927), 199 Ind. 489, 158 N. E. 480.

It appears from the affidavits that the only evidence appellant had in view was merely cumulative, or to contradict or impeach some witness or witnesses. Some of the evidence was not admissible at all. That part which states the belief in the innocence of this appellant is not admissible. The affidavit of Kuslulis does not show due diligence in attempting to procure such evidence. The court did not err in refusing a new trial on the ground of newly discovered evidence. *Hamm* v. *Romine* (1884), 98 Ind. 77; *Morel* v. *State* (1883), 89 Ind. 275; *Spaulding* v. *State* (1904), 162 Ind. 297, 70 N. E. 243; See, also, §2325 Burns 1926, cl. 8; *Bruce* v. *State, supra; Foust* v. *State* (1928), 200 Ind. 76, 161 N. E. 371.

There is no error in the record of the trial court.

The judgment is affirmed.