WILLIAM LOGAN TAPP *v.* STATE OF INDIANA.

[No. 769S167. Filed May 17, 1971. No petition for rehearing filed.]

424

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial before the court, without the intervention of a jury, of assault and battery with intent to gratify sexual desires under Acts of 1905, ch. 169, § 354, as amended by Acts of 1951, ch. 277, § 1, and Acts of 1961, ch. 321, § 1, (1956 Repl., 1970 Supp. Burns' § 10-403), which is as follows:

> "Assault and battery.—Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth [12] birthday but has not attained his or her seventeenth [17] birthday, or fondles or caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years: Provided further, That if such child has not attained his or her twelfth [12] birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two [2] years nor more than twenty-one [21] years."

The evidence viewed most favorably to the State disclosed that the prosecuting witness, Deborah Rush, was a girl of eleven years of age and that the defendant was the husband

of her older sister. On the occasion in issue, the exact date of which was not determined, the defendant was in the home where Deborah resided with her parents. Deborah testified that on that occasion the defendant followed her upstairs and hid in a bedroom. She further testified as follows:

"Q. What happened?
A. Well, I went up to the bathroom and he followed me up there. And he hid in the bedroom—
Q. He did what, Deborah?
A. He hid in his bedroom.
Q. And what happened then?
   THE COURT: Are you the girl's mother?
   MRS. RUSH: Yes, sir.
Q. Deborah, can you tell us what happened then? Your mother's here and—
A. He messed with me.
   MRS. RUSH: Speak up, Deborah.
A. He messed with me.
Q. By messing with you, Deborah, can you tell Judge what he did?
A. He felt my privates.
Q. Did he have you do anything?
A. Yes.
Q. What did he have you do?
A. He had me feel him.
Q. His privates?
A. Yes.
   * * * *

Q. Deborah, did he do this—strike that. Did you have any clothes on, Deborah, when he felt your private parts.
A. Yes.
   * * * *

Q. Deborah, did he put his hands under your clothes?
A. Yes."

The mother of the prosecuting witness testified that she and her husband had a conversation with the defendant concerning

the incident related, and that he started crying and said to her husband that he did not try to put it in her mouth.

The father of the prosecuting witness testified that she had told him that the defendant had molested her, and that Defendant admitted it to him and said that he did not put it in her mouth.

Upon the grounds of insufficiency of the evidence, Defendant has raised several questions that will here be treated.

Defendant complains that one of the allegations of the affidavit upon which he was tried was that the offense took place on or about July 15, 1968, and that there was no evidence of this.

In instances when time of the offense is not of the essence, the offense may be proved as having occurred at any date within the statute of limitations preceding the filing of the affidavit or indictment. *Herman* v. *State* (1965), 247 Ind. 7, 210 N. E. 2d 249.

Although the precise date of the offense was not determined, it is clear that it occurred in mid-summer 1968. Time in no way being of the essence of the offense, there being no claim or indication that the defendant was in anyway mislead or prejudiced by the date charged in the affidavit and it clearly appearing that the offense took place in the period of the statute of limitations, Defendant's position on this point is without merit.

Defendant next contends that he was convicted upon the uncorroborated testimony of Deborah, an eleven year old girl and that this cannot be permitted. Neither the evidence nor the law bear him out. He overlooks the testimony of Deborah's parents to the effect that he admitted the offense to them. Even if we were to disregard the parents' testimony, it has long been the law in Indiana that a conviction for rape, incest or assault with intent to rape may be had on the uncorroborated testimony of the prosecuting witness provided such testimony was sufficient to convince the

trier of the facts of the defendant's guilt beyond a reasonable doubt. *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479; *Kuslulis* v. *State* (1930), 201 Ind. 660, 171 N. E. 5. And there is no reason why such a rule should not be extended to a case such as this where the defendant is charged with assault and battery with intent to gratify sexual desires.

Defendant's claim that there is no evidence that the defendant "fondled" and "caressed" Deborah is contrary to her testimony hereinbefore set forth.

Defendant asserts that the time lapse of approximately three to four months between the date of the offense and the date it was reported by Deborah is significant under the case of *Meadows* v. *State* (1968), 252 Ind. 1, 238 N. E. 2d 281. In that case, however, the prosecuting witness was at the time of his testimony and for three and one-half years prior to it, a formally committed inmate of a mental institution. He was hostile towards the defendant and had contradicted his story. The fact that three and one-half months elapsed between the alleged offense and his report of it was a factor in the court's determination that the evidence was not substantial and probative, but it was in no way controlling. True, there was a time lapse there and in the case under review, but there the similarity ends.

Defendant next argues that there was no evidence that the touching of Deborah was done with intent to gratify sexual desires. Deborah's testimony was: "He messed with me. * * * He felt my privates. * * * He had me feel him." Question: "His privates?" Answer: "Yes." With credit to Mr. Justice Frankfurter writing in *Watts* v. *Indiana* (1948), 338 U. S. 49, 93 L. Ed. 1801, 1805, "* * * And there comes a point where this Court should not be ignorant as judges of what we know as men."

At the conclusion of the State's case on March 20th, Defendant moved for a discharge upon grounds addressed to the sufficiency of the evidence. The trial court indicated grave concern

in view of the seriousness of the offense and the tender years of the prosecuting witness. He took the matter under advisement and asked for briefs upon the question of whether or not he could, upon his own motion, submit Deborah to a psychological examination. The record does not indicate that briefs were filed, but on March 25th Defendant filed a written motion to require Deborah to submit to a "psychiatric examination to determine her credibility and competency as a witness". A written memorandum accompanying the motion was, in effect, a brief upon the question and supported by authorities. The State consented to such motion. The record at this point shows: "Petition granted in part and denied in part. Court orders psychological test given the witness Deborah Rush by Dr. Edwin Strain." Pursuant to such order Deborah submitted to Dr. Strain for psychological testing on April 7th, and on April 10th his written report was filed with the court. The trial was resumed on April 14th, and thereupon the court presented the psychologists's report and asked counsel for the defendant if he had seen it; and he replied that he had had an opportunity to read it. No objections were made by counsel for Defendant to the consideration of the report, and the court thereupon proceeded to announce that from the test given it concluded that the witness was competent and that the motion for discharge was accordingly overruled.

By his brief Defendant complains that the examination of Deborah being by a psychologist rather than by a psychiatrist in accordance with his motion was, in effect, done on the court's own motion, and that under the authority of *Maddix* v. *State* (1968), 250 Ind. 261, 235 N. E. 2d 475, Defendant was entitled to be discharged, contending that the only logical inference to be drawn from the ordering of the examination, after the witness had testified, was that the court had some doubt as to her competency, that therefore a reasonable doubt of Defendant's guilt existed and that it was improper and prejudicial for the court to consider the report.

In the *Maddix* case, *supra,* the court, after a finding of

guilty, offered a polygraph test to be considered with regard to sentencing. The test results indicated that the defendant had lied. This Court, in reversing the judgment of the trial court, held that it was reversible error to consider such a test subsequent to a finding of guilty, because it was not properly in the record; that if a reasonable doubt existed at the conclusion of the trial, the court could only make a finding of not guilty, and that a subsequent polygraph test is superfluous and irrelevant. The court could neither withdraw a finding of guilty, on the basis of evidence not in the record, nor suspend a sentence because of a belief in innocence. The case at bar is not analogous to the *Maddix* case, *supra*. Here, there had been no finding at the time the testing was done and the report considered. Although there may be questions concerning the propriety of the psychological examination at that stage of the proceedings and a consideration of the report as evidence in the cause, the defendant made no objection to the test being given or to the results being received, nor was there any motion to strike, although there was ample opportunity for these protests. It is a well settled principle that this Court will not reverse by reason of the admission of evidence to which there was no objection. *Robbins* v. *State* (1968), 251 Ind. 313, 241 N. E. 2d 148; *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N. E. 2d 143.

Finding no error the decision of the trial court is affirmed.

Arterburn, C.J., Givan, DeBruler and Hunter, JJ., concur. Deputy Attorney General, for appellee.

NOTE.—Reported in 269 N. É. 2d 367.