Thomson *et al. v.* The Madison Building and Aid Association.

No. 11,999.

THOMSON ET AL. *v.* THE MADISON BUILDING AND AID
ASSOCIATION.

PROMISSORY NOTE.—*Title.*—*Pleading.*—In a complaint against the maker
of a promissory note, it is sufficient to show title in the plaintiff, and this
may be done by alleging that it was sold and assigned to him.

SAME.—*Assignment of Note Carries Mortgage.*—Where the note secured by a
mortgage is assigned, the assignment carries the mortgage.

SAME.—*Assignment in Blank.*—*Evidence of Title.*—The assignment of a promissory note in blank is sufficient to prove title in the holder.

SAME.— *Ultra Vires.*—*Defence.*—If a corporation had no power to purchase
a note and mortgage upon which it brings suit, that fact should be
pleaded as a defence.

MORTGAGE.—*Description.*—The office of a description is to furnish means
of identification, and a mortgage which does this is in that respect sufficient.

PLEADING.— *Uncertainty.*— *Practice.*—The remedy for uncertainty in a
pleading is by motion, and not by demurrer.

SUPREME COURT.—*Joint Assignment of Error.*—A joint assignment of error
must be good as to all or it is not good as to any.

SAME.—*Objections to Evidence.*—*Practice.*—Objections to evidence which are
not stated in the bill of exceptions can not be considered on appeal.

SAME.—*Motion for New Trial.*—A party can not by statements in a motion
for a new trial get evidence or objections thereto into the record.

From the Jefferson Circuit Court.

*E. G. Leland* and *S. E. Leland,* for appellants.

*W. T. Friedley, C. A. Korbly* and *W. O. Ford,* for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint declares upon a note and mortgage executed by the
appellants to John C. Smith.

It is contended that this paragraph of the complaint is bad
because it does not aver that the note and mortgage were assigned to the appellee. This position is not tenable.

Where the complaint is against the maker of a note, it is
sufficient to show title in the plaintiff, and this may be done
by alleging that it was sold and assigned to him. The appellants confuse this case with an action founded upon an

endorsement brought against an endorser; whereas the two cases are essentially different. The complaint before us shows title in the appellee. Where the note secured by a mortgage is assigned the assignment carries the mortgage. The complaint does show that copies of the note and mortgage are filed as exhibits.

If the appellee had no power to purchase the note and mortgage sued on, that fact should have been pleaded as a defence. It may have been necessary to purchase the mortgage in order to remove a lien and thus protect a mortgage taken by the association. The courts can not presume that the corporation did an illegal thing.

The office of a description is not to identify the property conveyed, but to furnish means of identification, and the mortgage sued on does this. It is, therefore, not void because of an insufficient description.

The second paragraph of the complaint is badly drawn, for its averment of the default in the performance of the conditions of the mortgage is uncertain, but the remedy for uncertainty is by motion and not by demurrer.

The appellants join in their assignment of error, and unless the assignment is good as to both it is not good at all. This is the long settled rule of this court. *Hinkle* v. *Shelley,* 100 Ind. 88, and authorities cited; *Boyd* v. *Anderson,* 102 Ind. 217. Under this assignment the appellant Christina Thomson can not avail herself of a ruling upon a demurrer to her separate answer, nor can she avail herself of a ruling upon a separate motion for a new trial.

The bill of exceptions shows that the written assignment on the back of the note described in the first paragraph of the complaint was read in evidence. Although this assignment was in blank it proved title in the appellee.

We are unable to find in the record the objections to the evidence which it is here claimed was erroneously admitted. It is well settled that unless objections to evidence are stated in the bill of exceptions, they can not be considered on ap-

peal. A party can not by statements made in his motion for a new trial get evidence or objections stated to evidence into the record. The only way in which this can be done is by a bill of exceptions. *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98).

We have considered all of the questions presented by the joint assignment of errors, and this is all we can do under the law.

Judgment affirmed.

Filed Oct. 15, 1885.