## PULLEY v. THE STATE OF INDIANA.

[No. 21,657.   Filed October 5, 1910.]

1. TRIAL.—*Admission of Evidence.—Objections.—Changing of, on Appeal.— Rape.— Declarations of Prosecuting Witness.—* Where defendant in a rape case objected to the admission of evidence that the prosecuting witness made complaint with reference to defendant's conduct, on the ground that such complaint was not a part of the *res gestae* and was made in defendant's absence, he cannot, on appeal, raise the objection that the answer identified him as the person committing the alleged crime.   pp. 543, 544.

2. RAPE.—*Evidence.—Corroborative.—Declarations of Prosecuting Witness.—Cross-Examination.—*Evidence that the prosecuting witness in a rape case made complaint soon after the occurrence of the alleged rape, is admissible in corroboration of her evidence that a rape was committed, but such evidence must not disclose what was said, nor the person committing the offense, unless such matters are developed on cross-examination.   p. 543.

From Grant Circuit Court, *H. J. Paulus*, Judge.

Prosecution by the State of Indiana against Salathiel Pulley. From a judgment of conviction, defendant appeals. *Affirmed.*

*Condo & Browne,* for appellant.

*James Bingham,* Attorney-General, *W. H. Thompson, A. G. Cavins* and *E. M. White,* for the State.

MONKS, C. J.—Appellant was tried and convicted under §2240 Burns 1908, Acts 1905 p. 584, §352, of the crime of assault and battery with intent to commit rape on a female under the age of sixteen years. The crime of rape upon a female child under the age of sixteen years is defined by §2250 Burns 1908, Acts 1907 p. 85.

The prosecuting attorney asked one of the witnesses for the State, "If she (the prosecuting witness) made any complaint to you in reference to the conduct of the defendant with her during your absence, you may tell the jury." Appellant, by counsel, made the following objection: "I object to the question, for the reason that it is not a part of the *res gestae,* and, occurring out of the presence of the defendant, what she may have done then would not bind the defendant, and what she said could not bind him." The court overruled the objection, stating that "what she said would not be competent, but the fact of a complaint would be competent." The witness answered: "Yes, sir, she did."

This ruling of the court was assigned as a cause for a new trial, and is the only ruling complained of as erroneous in this court. The objection urged in this court is "that in answering said question said witness named appellant as the party charged by the prosecuting witness with the crime the same as if his name had been incorporated in the answer, and that neither the details of the occurrence nor the name of the offender can be so proved, and therefore the court erred in permitting said question to be answered."

It has been held by this court that it is proper in cases of this kind to prove that the prosecuting witness made complaint soon after the occurrence, as corroborative of her testimony, but that it was not proper to permit the witnesses to give a detailed statement of what she said, or the name of the person she charged with the crime. "If the defendant desires to inquire into the particulars of such narration by the prosecuting witness, he has the right

to do so, and thus open the door to both parties. If evidence has been given by the defendant impeaching the prosecuting witness, she may be supported by proving that she has, out of court, narrated the facts as she has testified to them in court." *Thompson* v. *State* (1871), 38 Ind. 39, and cases cited. See, also, *Cross* v. *State* (1892), 132 Ind. 65; *State* v. *Werner* (1907), 16 N. Dak. 83, 112 N. W. 60, and cases cited; 23 Am. and Eng. Ency. Law (2d ed.) 874, 875, and cases cited; 3 Greenleaf, Evidence (15th ed.) §213; 4 Elliot, Evidence §§3099, 3102.

No such objection as that urged in this court to said question was made in the court below. The only objection made was that appellant objected to the question, for the reason that it is not a part of the *res gestae*, and, occurring out of the presence of the defendant, what she may have done or said then could not bind him. The court properly ruled as against said objection that "the fact of a complaint would be competent." It was not stated as a ground of objection, as it is here, that said question, if answered "Yes" would, in effect, identify appellant as the person named by the prosecuting witness in her narrative to said witness as her assailant, and that proof of the name of the person charged with the crime cannot be made in that way.

The objection made in the court below was not sufficiently specific to present such question. It is well settled that a party who objects to evidence must state the grounds of his objection particularly, and if the evidence is received over his objection he must, on appeal in this court, be confined to such specific objection. He cannot, in this court, successfully urge any other objection, however valid such new objection may be. *Musser* v. *State* (1901), 157 Ind. 423, 430, 431, and cases cited; *Indiana Improvement Co.* v. *Wagner* (1894), 138 Ind. 658, and cases cited; *Stout* v. *Rayl* (1896), 146 Ind. 379; *Bingham* v. *Walk* (1891), 128 Ind. 164,

It follows that as said objection is made for the first time in this court it cannot be considered, judgment affirmed.