HEYVERESTS *v.* STATE OF INDIANA.

[No. 25,189.   Filed February 10, 1931.]

W. D. Kuryweyac and *Walter R. Arnold,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Frank L. Greenwald,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was tried by a jury and found guilty on two counts of an affidavit, one charging that he unlawfully possessed intoxicating liquor and the other charging that he unlawfully maintained a common nuisance. He was fined $100 and sentenced to 30 days' imprisonment on each count. The only error relied upon for reversal is the action of the trial court in overruling his motion for a new trial, wherein the following grounds are alleged: that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in permitting the introduction in evidence of some of the beer which was found when appellant's premises were searched.

Briefly, the evidence is that police officers of South Bend on October 20, 1925, acting under a search warrant,

in appellant's presence, searched his soft-drink parlor and found 1,800 bottles of home-brew beer. (Sixty bottles were on ice in the back room of the place of business and the remainder was in cases in the basement.) Forty-two gallons of beer also was found brewing. Two bottles of the beer were tagged by the police and sent to the South Bend Medical laboratory where it was tested. The director of that laboratory, who was a doctor, testified that one sample of the beer contained 1.88% absolute alcohol by volume and another contained 2.04%. There was evidence that the place of business had a bad reputation as being a place where intoxicating liquors were sold, possessed and otherwise disposed of contrary to law. The appellant testified that "I got a lot of relatives coming over, and we like beer, you know, and that is the reason we drink so much of it."

Appellant contends that the venue of the case was not proved, but this contention is not borne out by the record. One of the police officers who made the search testified that he saw the beer at "808 East Howard Street and at the police station," and that he found the beer at "defendant's place of business" and that this was "in South Bend, St. Joseph County." Three of the officers testified that they found the beer at defendant's place of business at 808 East Howard Street, while another testified that it was on "either Corby or Howard Street, close to Notre Dame." Two other officers testified as to the bad reputation of appellant's premises at 808 East Howard Street as being a place where intoxicating liquors were sold, possessed and otherwise disposed of contrary to law.

At the trial, appellant objected to the introduction of State's exhibits "B" and "C" (beer which had been tested in the laboratory and as to the alcoholic content of which the laboratory director had testified), "on the ground that there has been no proof that either of said

exhibits was delivered to this witness, and that as to either . . . there has been no proof as to where the alleged beer was from the time that it was seized until it was examined and tested." (The laboratory director thereafter testified that a police officer brought the samples to him for test, and police officers identified the exhibits as being a part of the liquor taken from appellant's premises and sent to the laboratory. The laboratory test was made October 22, 1925, the search was made October 20, 1925, and the appellant testified that he made the beer five days before the search, in three different batches out of canned malt.) On appeal, appellant, in his brief, contends that the ruling of the court overruling his objection was erroneous because "it was not shown that the contents were in the same state so far as alcoholic content was concerned as when seized upon the premises of accused."

In the trial court, appellant made no objection on the ground which he now asserts and relies upon, to the evidence which was offered and received. A party who objects to the admission of evidence[1] must state or point out to the trial court with reasonable certainty the specific grounds of his objection, and, when such grounds are stated, the implication is that there are not others or, if others, that they are waived.[2] *Howard* v. *State* (1921), 191 Ind. 232, 242, 131 N. E. 403; *Bass* v. *State* (1894), 136 Ind. 165, 171 N. E. 124. If the evidence is received over such objection, an appel-

---

[1]Likewise a party who asks that evidence be stricken out. *Pocker* v. *State* (1925), 197 Ind. 599, 150 N. E. 408.

[2]The reason for this rule is that "it can not be expected that particular objections will occur to the judge, although if stated he would readily perceive their force. . . . Counsel, who are presumed to have studied the case, ought to be able to state the particular objections. . . . The rule is a reasonable one, just to the court and not burdensome to the parties." *Ohio, etc., R. Co.* v. *Walker* (1887), 113 Ind. 196, 200, 15 N. E. 234; see, also, *Swaim* v. *Swaim* (1893), 134 Ind. 596, 598, 33 N. E. 792; *Clem* v. *Martin* (1870), 34 Ind. 341, 343.

lant cannot, in the court of appeal, urge, for the first time, other or different objections, *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1; *Shenkenberger* v. *State* (1900), 154 Ind. 630, 636, 57 N. E. 519 (however valid such objection might have been if it had been presented at the proper time to the trial court, *Pulley* v. *State* [1910], 174 Ind. 542, 544, 92 N. E. 550), but the question raised must be determined by the record as made in the trial court, and the only objections to evidence available on appeal as causes for reversal are those which were presented to and passed upon by the trial court. *Koehler* v. *State* (1919), 188 Ind. 387, 391, 123 N. E. 111; *Dillon* v. *State* (1923), 194 Ind. 600, 604, 142 N. E. 643; *Gillenwater* v. *State* (1925), 196 Ind. 556, 560, 147 N. E. 714.[3]

On cross-examination, the doctor who made the laboratory test was asked "How long, as a rule, does it take to accumulate that much per cent of alcohol" and he stated, "that all depends upon temperature, and whether there is any yeast present or not, any sugar or not, to ferment." His further cross-examination was as follows: "Q. Would you say how much alcohol it contained on October 20, 1925? A. No, sir. I could not say that." "Q. Is it possible

[3]See, also, *Lucas* v. *State* (1910), 173 Ind. 302, 306, 90 N. E. 305; *Underhill* v. *State* (1920), 190 Ind. 558, 562, 130 N. E. 225; *Cook* v. *State* (1921), 191 Ind. 412, 415, 133 N. E. 137; *Koscielski* v. *State* (1927), 199 Ind. 546, 550, 158 N. E. 902; *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84.

This rule prevails in civil as well as in criminal appeals and has been well stated in the following civil cases: *Indiana Improvement Co.* v. *Wagner* (1894), 138 Ind. 658, 663, 38 N. E. 49; *Russell* v. *Branham* (1846), 8 Blackf. (Ind.) 277; *Louisville, etc., R. Co.* v. *Rush* (1890), 127 Ind. 543, 550, 26 N. E. 1010; *Bruker* v. *Kelsey* (1880), 72 Ind. 51, 56; *Bingham* v. *Walk* (1891), 128 Ind. 164, 173, 27 N. E. 483; *Chandler* v. *Beal* (1892), 132 Ind. 596, 597, 32 N. E. 597; *Gray* v. *Blankenbaker*, *supra*.

A different rule prevails where an objection is sustained by the trial court to offered evidence. In such a case, effect will be given on appeal to any valid ground of objection (whether made in the trial court or not) because, if the evidence was not in fact admissible, the correct result was attained. *Leach* v. *Dickerson* (1895), 14 Ind. App. 375, 376, 42 N. E. 1031; *Storms* v. *Lemon* (1893), 7 Ind. App. 435, 34 N. E. 644; *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312, 34 N. E. 851.

that it would contain less than half of one per cent on October 20th.  A.  It could be possible."  Appellant contends that, because of this cross-examination, there is a failure of proof and that the *corpus delicti* has not been proved.  The determination of questions of fact and of the weight of the evidence is for the jury.  Under the evidence submitted to it, the jury, by its verdict of guilty, determined that the beer found on appellant's premises was intoxicating liquor.  The laboratory test made two days after the arrest and showing that the beer then contained from 1.88% to 2.04% of alcohol, was evidence that might properly be considered by the jury, although the inference of guilt might not necessarily be drawn from such evidence.  The jury must determine what inferences are to be drawn from the evidence. In addition to the testimony of the laboratory director concerning the character of the liquor, the police officers testified that what they found as a result of their search was "home brew."  We cannot here hold that there is no evidence to support the verdict.

The appellant contends, and we have held, that although §2744 Burns 1926 provides that in a prosecution for maintaining a liquor nuisance as defined in §2740 Burns 1926, the general reputation of the place as to its being a place where intoxicating liquor is possessed and sold, and where people resort for the purpose of drinking intoxicating liquor, is competent, yet evidence of such reputation alone is not sufficient to establish the existence of such nuisance.  *Klysz* v. *State* (1928), 200 Ind. 132, 136, 161 N. E. 630; *Shepherd* v. *State* (1928), 200 Ind. 405, 407, 164 N. E. 276. Neither does the mere finding of intoxicating liquor in a room or place render such room or place a common nuisance.  *Beemer* v. *State* (1925), 196 Ind. 95, 147 N. E. 276.  But, in the case at bar, the finding of the large quantity of intoxicating liquor, the finding of the beer

being brewed or manufactured on the premises at the time, the evidence of the bad reputation of the place, together with the plain inference (which the jury might draw) from appellant's own testimony that persons resorted there for the purpose of drinking his beer, constitute sufficient evidence to sustain the conviction on the charge of maintaining a common nuisance. See *Michopoulos* v. *State* (1925), 197 Ind. 231, 149 N. E. 564, and *Schrieber* v. *State* (1928), 201 Ind. 37, 39.

Judgment affirmed.