WESTERN & SOUTHERN LIFE INSURANCE COMPANY ET AL.
*v.* LOTTES

[No. 17,424. Opinion on Motion to Dismiss Filed October 22, 1945.
Opinion on Merits Filed January 14, 1946. Rehearing
Denied February 7, 1946. Transfer Denied
April 8, 1946.]

560

*Hatfield, Meyer, Fine & Hatfield,* of Evansville, for appellants.

*Louis A. Savage* and *John R. Ax,* both of Jasper, for appellee.

OPINION ON MOTION TO DISMISS.

ROYSE, C. J.—Appellee has filed a motion to dismiss this appeal on the following grounds: "An appeal in this cause to the Appellate Court was granted by the Dubois Circuit Court upon condition that appellants file an appeal bond in the penal sum of Three Thousand Dollars ($3,000.00) with the Continental Casualty Company as surety thereon, and the appellant; Lee M. Potts, has failed to file an appeal bond."

In her memorandum brief in support of this motion

she contends the Supreme Court has not provided by rule that appeals may be taken without the filing of an appeal bond, and therefore the statute providing for the filing of an appeal bond as a prerequisite to the taking of an appeal is still in ·force. Citing, *Board of Public Safety* v. *Walling* (1934), 206 Ind. 540, 187 N. E. 385.

Rule 2-3, Rules of the Supreme Court (1943 Revision), provides, in part, as follows:

"Distinctions between term-time and vacation appeals are abolished. . . . An appeal shall be initiated by filing in the office of the Clerk below a praecipe designating what is to be embraced in the transcript. In all cases the appellate tribunal may order such notice to the parties in interest as the ends of justice may require. . . . Enforcement of a judgment will be suspended during an appeal upon the giving of an adequate appeal bond with approved sureties. Prior to the filing of the transcript for appeal such bond shall be fixed and approved and the order of stay issued by the trial court or the judge thereof in vacation; thereafter by the appellate tribunal."

This rule makes it unnecessary to file an appeal bond. The only purpose of an appeal bond is to stay execution on the judgment.

It has not been our custom nor are we required to file written opinions on motions to dismiss appeals where the same are overruled. We do so in this instance only because the motion herein involves the construction of the Rules on a question that heretofore has had no expressed judicial interpretation. *Phillips* v. *Townsend, Admr.* (1944), 115 Ind. App. 273, 56 N. E. (2d) 856; *Sup. Realty & Bg. Co.* v. *First Nat. Bank, etc. et al.* (1944), 115 Ind. App. 641, 56 N. E. (2d) 855.

The motion to dismiss is overruled.

NOTE.—Reported in 63 N. E. (2d) 146.

## OPINION ON MERITS.

HAMILTON, J.—This is an appeal from a final judgment rendered in an action instituted by appellee against the appellants. The complaint was in two paragraphs. The first paragraph sought recovery on the basis of an alleged oral agreement and contract of insurance alleged to have been entered into on August 6, 1941, between appellants and one Gilbert P. Lottes, deceased, husband of appellee, whereby appellants agreed to insure the life of said Gilbert P. Lottes, with appellee named as the beneficiary. The second paragraph of complaint sought recovery against both appellants upon the basis of a written application for insurance signed by the said Gilbert P. Lottes on August 6. 1941, and a receipt for the first quarterly premium due on said policy of insurance. Recovery was sought against appellant, Lee M. Potts, as agent of The Western and Southern Life Insurance Company, and against the latter appellant on the theory that it was bound by the acts of its agent, Lee M. Potts, and by the terms and provisions of the written application and receipt which provided that the insurance applied for would be in full force and effect from the date of the execution of the application and the payment in full of the first quarterly premium on the policy of insurance applied for until such time as said appellant insurance company either accepted or rejected said application within a period of 45 days. The second paragraph of complaint alleged that the insured, Gilbert P. Lottes, paid to Lee M. Potts, agent of the appellant insurance company, the sum of $6 in full payment of the first quarterly premium on the policy of insurance applied for in the application. The second paragraph of complaint further alleged that the said Gilbert P. Lottes was accidentally killed on August 9, 1941, without said application for

insurance having been either accepted or rejected by the appellant insurance company and without a policy of insurance having been issued.

Issues were formed by appellants' filing separate and several paragraphs of answer admitting certain allegations contained in each paragraph of complaint and denying other allegations.

The cause was submitted for trial to a jury which rendered a general verdict for the appellee and against both appellants in the sum of $2500.

Thereafter the appellants filed separate and several motions for a judgment in their favor on the pleadings, notwithstanding the verdict of the jury, based upon the following premises: (a) that neither paragraph of complaint stated a cause of action against the defendants or either of them; and (b) that the evidence was insufficient to sustain the material allegations in either paragraph of complaint. This motion was overruled and judgment rendered in favor of appellee and against both appellants upon the verdict of the jury.

The appellants filed separate and several motions for a new trial alleging the following grounds, to wit: (1) that the verdict of the jury is not sustained by sufficient evidence; (2) that the verdict of the jury is contrary to law; (3) that there is error in the assessment of the amount of recovery in that the assessment is too high; and (4) that the court erred in refusing to give to the jury at the conclusion of all the evidence a peremptory instruction to render a verdict for each defendant. The motions for a new trial were overruled and this appeal perfected.

. The errors assigned in this court are: (1) that the court erred in overruling the separate and several motions of each appellant for judgment on the pleadings in their favor, notwithstanding the general verdict of

the jury; and (2) that the court erred in overruling the separate and several motions of each appellant for a new trial.

Appellants' first assignment of error is based upon § 2-2503, Burns' 1933, § 375, Baldwin's 1934, enacted in 1881, which reads:

"When, upon the statement in the pleadings, one party is by law entitled to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

In 1911 the legislature amended § 2-1007, Burns' 1933, § 111, Baldwin's 1934, so that it now provides that a defendant may file a demurrer to the plaintiff's complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action, which demurrer shall be accompanied by a memorandum stating wherein the complaint is insufficient for want of facts, and the party so demurring shall be deemed to have waived his right thereafter to question the sufficiency of the complaint for any defect not specified in the memorandum.

The record in the instant case discloses that neither appellant filed a demurrer to appellee's complaint as provided in § 2-1007, *supra*. Therefore we hold that appellants waived any question as to the sufficiency of either paragraph of the complaint to state a cause of action and that the trial court did not err in overruling the separate and several motions of appellants for judgment in their favor upon the pleadings, notwithstanding the general verdict of the jury. *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 472, 33 N. E. (2d) 109; *Pittsburgh, etc., R. Co.* v. *Boys* (1919), 71 Ind. App. 102, 111, 123 N. E. 482.

The appellants' second assignment of error to the effect that the trial court erred in overruling the separate and several motion for a new trial based upon the grounds that the verdict of the jury is not sustained by sufficient evidence and is contrary to law requires that we review the evidence most favorable to appellee.

An examination of the record discloses evidence from which the jury were justified in finding the following facts to have been established by the evidence: That on and prior to August 6, 1941, the appellant, The Western and Southern Life Insurance Company, a corporation, was duly licensed by the State of Indiana to engage in the business of selling life insurance policies in the State of Indiana and was so engaged in the selling of life insurance policies in Dubois County, Indiana, by and through its agents, one of whom was the appellant, Lee M. Potts; that Gilbert P. Lottes, a resident of Jasper, Dubois County, Indiana, was employed as a salesman in the store of the Himsel Implement Company, Jasper, Indiana; that appellant Lee M. Potts was a resident of Dubois County, Indiana, and engaged in the business of selling and soliciting applications for life insurance policies as a general agent of the appellant, The Western and Southern Life Insurance Company, in Dubois County, Indiana; that as such agent, he was authorized and empowered to solicit applications for life insurance, collect and receive payments of premiums on such applications, execute and deliver receipts for payments of premiums made to him as the agent of the appellant insurance company; that on August 5, 1941, the said Lee M. Potts entered the storeroom of the Himsel Implement Company in Jasper in order to purchase a Frigidaire; that he talked to Gilbert P. Lottes about buying a Frigidaire and upon learning the price thereof said to Lottes that the Frigidaire was

too high; that Lottes then stated to Potts that he, Lottes, had been thinking about taking out insurance and that, if he, Potts, would buy the Frigidaire, he, Lottes, would buy a policy of insurance from Potts; that Potts agreed to Lottes' proposition and thereupon produced a blank application for insurance and requested Lottes to sign the same, which Lottes did. Lottes then paid to Potts a sum of money in cash to be applied upon the payment of the first quarterly premium of said insurance policy; that the full amount of the first quarterly premium on said policy was $6.53. Potts retained the sum of $1 from the amount of money which he had received and then gave Lottes the balance thereof to be applied upon the purchase price of the Frigidaire, which Potts had agreed to buy. The application for insurance was signed by Lottes on August 5, 1941, and Potts, as agent for the appellant, The Western and Southern Life Insurance Company, accepted the money paid to him by Lottes as a payment on the first quarterly premium due on the policy of insurance purchased on said date. At the time that Lottes gave Potts the money as payment on the premium on the policy of insurance, Potts told Lottes that he would fill out and give him a receipt for the money but Lottes stated to Potts at that time that he, Lottes, was in a hurry and did not have time to wait for the receipt. After Lottes signed the application for insurance on August 5 and paid Potts the money thereon, as heretofore stated, Potts took the application for insurance, which had a blank receipt attached thereto, with him and went to the office of the appellant insurance company at Huntingburg, Dubois County, Indiana, where he, Potts, completed writing in the blank spaces on the application for insurance on August 6, 1941, and then after he had detached the receipt part of the application, he delivered the application for in-

surance which had been signed by Lottes on August 5, 1941, to appellant insurance company's superintendent in charge of said appellant's office at Huntingburg, Indiana, who approved the application on August 6, 1941, and then forwarded the same to the appellant insurance company's office at Evansville, Indiana, for approval and to be then forwarded to the home office. The receipt for the money paid to Potts by Lottes was never delivered to Lottes but was retained by Potts in his possession from the time that he filled in the blank spaces and detached the same from the application on August 5, 1941. At the time that Lottes signed the application for insurance and gave Potts the money in payment of the first premium due on the policy of insurance applied for, Potts stated to Lottes: "You are insured now." After Potts arrived at the appellant insurance company's office at Huntingburg, Indiana, on August 5, 1941, he filled out the receipt for the sum of $1 instead of the full amount of money which had been given to him by Lottes at Jasper, Indiana, and Potts only reported and turned into the appellant insurance company the sum of $1 as having been paid on the premium. After the death of Gilbert P. Lottes, the appellant Potts stated that Lottes had paid the full amount of the first quarterly premium on the policy of insurance but that he, Potts, had only turned into the company the sum of $1.

The application for insurance which Gilbert P. Lottes signed in blank on August 5, 1941, contains the following pertinent clauses:

"It is understood and agreed on behalf of myself and of all persons who may have or claim an interest in any policy issued on this application, that (except as otherwise provided in the receipt hereinafter mentioned) the Company shall incur no liability unless and until this application is received

and approved by the Company at its home office and a policy issued and the first premium thereon paid in cash while the proposed Insured is alive and in sound health. Any payment in advance for or on account of the first premium is accepted only upon and subject to the terms and conditions hereof and of the receipt attached as a coupon to this application, which is the only receipt authorized to be given. The Company reserves the absolute right to reject this application and shall have forty-five days from the date hereof to approve or reject it. Failure to issue a policy within such forty-five day period shall be deemed a rejection without notice to that effect."

The receipt which appellant Potts filled in at the office of the appellant insurance company at Huntingburg, Indiana, on August 5, 1941, and thereafter retained in his possession reads in part as follows:

"If said sum is sufficient to pay in full the first premium on the policy as applied for, the Company will be liable from and after said payment to the same extent as if the policy, as applied for, had been issued and delivered at that time; provided, however, that (1) the Company reserves the absolute right to reject said application and if said application is rejected (and without notice thereof) all liability on the part of the Company shall thereupon and forthwith cease and terminate automatically except as to claims maturing before such rejection; and (2) if said application be neither approved nor rejected by the Company at its Home Office within forty-five (45) days from the date thereof it shall be deemed to have been rejected as of the last day of such forty-five (45) day period, without notice to that effect.

"If said sum is not sufficient to pay in full the first premium on the policy as applied for, the Company shall incur no liability unless and until said application is received and approved by the Company at its Home Office and a policy issued and the first premium thereon paid in full while the proposed Insured is alive and in sound health."

The application for insurance was never forwarded to the home office of the appellant insurance company until after the death of Gilbert P. Lottes and the same was never acted upon by said company and no policy of insurance was ever issued upon the said application to Gilbert P. Lottes.

It is readily apparent from the foregoing resume of the evidence that said facts are insufficient to establish the allegations of the first paragraph of the complaint which declared upon an oral contract of insurance entered into on August 6, 1941. The judgment and verdict must rest upon the sufficiency of the foregoing facts to establish the allegations of the second paragraph of the complaint or otherwise the judgment must be reversed.

Appellant insurance company raises many questions and presents several reasons why the verdict of the jury is not sustained by sufficient evidence and is contrary to law as against said appellant company. Many of the propositions so advanced are correct as abstract propositions and are sustained by authorities cited in support thereof but they are not pertinent to the facts or decisive of the question presented in this case. As we view the record, the vital and controlling question presented is whether or not there is sufficient evidence in the record to warrant the jury in finding that on August 5, 1941, Gilbert P. Lottes paid the sum of $6.53 to the appellant, Lee M. Potts, agent of the appellant insurance company, that sum being the full amount of the first quarterly premium on the policy of insurance described in the written application for insurance signed by said Gilbert P. Lottes on the same date. If this question can be answered in the affirmative, it will be unnecessary under the authorities to prolong this opin-

ion by discussing other questions presented by appellant The Western and Southern Life Insurance Company.

. Referring to the application for insurance signed by Gilbert P. Lottes on August 5, 1941, and as above set forth, we find that it provides that any payment in advance for and on account of the first premium on the policy of insurance applied for is accepted only upon and subject to the terms and conditions of the receipt attached to the application. The receipt provides: "If said sum is sufficient to pay in full the first premium on the policy as applied for, the Company will be liable from and after such payment to the same extent as if the policy, as applied for, had been issued and delivered at that time." Therefore, if the amount of money paid by Gilbert P. Lottes to Lee M. Potts as agent of The Western and Southern Life Insurance Company on August 5, 1941, was sufficient in amount to pay in full the first premium on the policy of insurance as applied for, the company was liable from and after the date of said payment to the same extent as if the policy applied for had been issued and delivered at that time, until such time as the company rejected said application within the period of 45 days from the date of the application which was not done prior to the accidental death of Gilbert P. Lottes on August 9, 1941.

That part of the receipt referred to, which purports to state the amount paid by Gilbert P. Lottes to appellant Lee M. Potts as agent of the appellant insurance company, reads as follows:

"Received from . . . Gilbert P. Lottes . . . one dollar . . . Dollars ($1.00) to be applied toward the payment of the premium on the policy of life insurance for which said . . . Gilbert P. Lottes . . . has made application dated Aug. 5, 1941."

Appellant insurance company makes no attempt to present any question as to error in permitting appellee to introduce parol evidence as to the actual amount of money paid by Gilbert P. Lottes to Lee M. Potts as agent of appellant insurance company on August 5, 1941. Appellant insurance company contends that the language of the receipt showing the amount of money paid cannot be contradicted or explained by parol evidence, and for this reason any evidence introduced by appellee tending to prove that the amount of money actually paid by Gilbert P. Lottes to Lee M. Potts was $6.53, a sum sufficient to pay in full the first quarterly premium on the policy of insurance as applied for in the application, could not be considered by the jury to establish such fact and must be disregarded upon appeal and that only the receipt can be considered in determining the amount paid on August 5, 1941.

We do not agree with appellant life insurance company's contention. The language in the receipt showing the amount of consideration paid as above quoted is in the form of an ordinary receipt and is stated by way of recital and is not stated contractually. It is settled law in this state that where the amount paid is stated in the form of an ordinary receipt by way of recital and is not stated contractually, parol evidence is admissible to show the amount which was actually paid and received by the party signing the receipt. *Alcorn* v. *Morgan* (1881), 77 Ind. 184, 186; *Lowe* v. *Thompson* (1882), 86 Ind. 503; *Stewart* v. *Chicago, etc., R. R. and Chicago and Indiana Coal Ry. Co.* (1895), 141 Ind. 55, 60, 40 N. E. 67; *The Pennsylvania Company* v. *Dolan* (1892), 6 Ind. App. 109, 120, 32 N. E. 802; *State Highway Commission* v. *Wilhite* (1941), 218 Ind. 177, 31 N. E. (2d) 281.

Appellee offered evidence to prove the amount actually paid as premium on said insurance policy by proving statements made by appellant Lee M. Potts at the time the application was signed and the money paid and also by proving statements allegedly made by said appellant Potts to the appellee in the presence of her mother after the death and funeral of said Gilbert P. Lottes.

The record discloses that the first statement made by Lee M. Potts was made at the time the application for insurance was signed by Gilbert P. Lottes and the money paid and is clearly a part of the *res gesta* and was competent evidence. Furthermore, it was admitted without objection having been made by appellant insurance company to the question propounded to the witness, Kelly Armstrong. The record further discloses that the appellee was permitted to testify as to statements made to her by the witness, Lee M. Potts, after the death and funeral of Gilbert P. Lottes, without any objection to the question having been made by either appellant before the witness answered the question.

It is a firmly-settled rule of practice that an objection to a question must be made before the question is answered by the witness in order to present any question for review. *Edmondsen, Rec.* v. *Friedell* (1928), 200 Ind. 298, 301, 163 N. E. 89; *The Pennsylvania Co.* v. *Witte* (1896), 15 Ind. App. 583, 593, 43 N. E. 319; *Storms* v. *Lemon* (1893), 7 Ind. App. 435, 440, 34 N. E. 644.

Again, it is the law that incompetent evidence is sufficient to sustain a verdict if such evidence is material and has been admitted without timely objection having been made. *Pooley* v. *State* (1945), *ante*, p. 199, 62 N. E. (2d) 484, 486; *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 98

N. E. 824; *Wagner* v. *Meyer* (1913), 53 Ind. App. 223, 101 N E. 397.

The statement made by appellant Lee M. Potts at the time Gilbert P. Lottes signed the application for insurance and gave Potts money in payment of the first premium on the policy of insurance applied for was to the effect that "you are insured now." This is evidence tending to prove that the amount paid was sufficient to pay in full the first quarterly premium on the policy applied for as expressly provided by the language contained in the receipt and heretofore quoted; otherwise there would have been no occasion for such a statement to have been made. The other statement alleged to have been made by Potts to appellee was to the effect that Potts said to the witness that "my husband bought an insurance policy from him," Potts, "the week preceding his death and that my husband made a down payment on the policy and that he gave my husband five dollars and something back. . . . but he did keep the one dollar to seal the contract. He said he did not send the money in and he wanted to refund it me."

We are of the opinion that the foregoing evidence is sufficient to justify the jury in finding that on August 5, 1941, Gilbert P. Lottes paid to appellant Lee M. Potts, agent of the appellant, The Western and Southern Life Insurance Company, the sum of $6.53 and that the amount so paid was sufficient to pay in full the first quarterly premium on the policy of insurance which the said Gilbert P. Lottes had agreed to purchase.

We believe that the law applicable to such a state of facts is well stated by the Supreme Court of Indiana in the case of *Western and Southern Life Ins. Co.* v. *Vale* (1938), 213 Ind. 601, 12 N. E. (2d) 350, on pages 610 and 611 of 213 Ind., as follows: "We cannot escape

the view that where the facts are, as in the case at bar, and an agent of the company is authorized to solicit business, and is equipped with printed forms or receipts, prepared by the company and intended to be delivered to applicants for insurance upon the payment of a premium in advance, which say to the applicant that, under some circumstances at least, the company's liability shall commence from the date of the application, and the applicant pays the premium, and the receipt is executed by the company's agent having authority to execute it, and delivered to the applicant, a contract is then and there created between the company and the applicant."

The insured, Gilbert P. Lottes, having paid to appellant insurance company's agent the full amount of the first quarterly premium on the policy of insurance applied for, it is immaterial that said agent used a part of the amount so paid to him for his own private purposes and failed to account to the company for the full amount which had been received, and under such circumstances the company is liable in accordance with the terms of the receipt, which provided that, where the full amount of the first premium has been paid, the policy shall be in full force and effect from the date of such payment the same as if the policy had been actually issued on that date. *Kerlin* v. *The National Accident Association* (1893), 8 Ind. App. 628, 36 N. E. 156.

In conclusion, we hold that as to the appellant, The Western and Southern Life Insurance Company, the evidence is sufficient to sustain the verdict of the jury under the second paragraph of the complaint and that the verdict of the jury is not contrary to law.

With reference to the appellant, Lee M. Potts, we are unable to find any evidence in the record to sustain the

verdict of the jury under the allegations of the second paragraph of the complaint. The written application for insurance was entered into between Gilbert P. Lottes and appellant insurance company and not with Lee M. Potts as an individual, and there is no evidence that Lee M. Potts, as an individual, ever agreed to issue a policy of insurance. At all times Lee M. Potts was acting as agent for the appellant, The Western and Southern Life Insurance Company, his principal, and this fact was known to, and so understood by, the insured, Gilbert P. Lottes.

The appellant insurance company finally contends that the amount of the verdict in the sum of $2,500 is excessive. Appellee concedes that the maximum recovery under the second paragraph of complaint is $2,000, with 6% interest from August 9, 1941, to the date of the verdict, a computation of which sum amounts to $2,458.67. The difference between the amount which appellee concedes is correct and the amount of the verdict is $41.33.

Having reached the conclusion that appellant, The Western and Southern Life Insurance Company, is liable because the jury were warranted in finding as a fact that the insured paid the full amount of the first quarterly premium on the policy of insurance applied for, it becomes unnecessary to discuss the other questions, presented by said appellant insurance company.

The judgment is reversed as to appellant, Lee M. Potts, with instructions to sustain his separate and several motion for a new trial.

The judgment is hereby affirmed as to appellant, The Western and Southern Life Insurance Company, upon condition that within twenty (20) days from this date the appellee file with the clerk of this court a

remittitur in the sum of $41.33. Otherwise, said judgment will be reversed with instructions to grant a new trial to said named appellant.

NOTE.—Reported in 64 N. E. (2d) 405.

## ON PETITION FOR REHEARING.

HAMILTON, J.—In its petition for a rehearing, appellant, The Western and Southern Life Insurance Company, insists that we erred in failing to pass upon its proposition duly presented in its brief to the effect that the verdict of the jury against both appellants was contradictory, and therefore invalid as against said appellant insurance company, and cites in support of its contention the cases of *United Transportation Co.* v. *Jeffries* (1937), 211 Ind. 226, 231, 5 N. E. (2d) 524; *Indiana Nitroglycerin and Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649; and *Zainey* v. *Reiman* (1926), 84 Ind. App. 480, 151 N. E. 625.

An examination of each of said authorities discloses that they were negligence cases in which it was sought to hold the master responsible for an alleged negligent act of the servant, and in each case the jury by its verdict exonerated the servant from all negligence and held the master responsible for the alleged negligent act, which could only have been committed by the servant. The cases hold that such a verdict is contradictory for the reason that the master could only be guilty of negligence if the servant was negligent, and since the jury found that the servant was not guilty of any negligence alleged in the complaint, the master could not be held responsible for the same act.

The instant case involves a written application for insurance and a receipt attached thereto and the jury

by its verdict held both the principal and agent responsible for the same acts. Therefore, there is a clear distinction between the facts in the case at bar and the facts involved in the cases relied upon by appellant insurance company to support its contention that the verdict of the jury is contradictory. We hold that the verdict in the instant case is not inconsistent, or contradictory.

Again, we held in our original opinion that neither appellant was liable upon an oral or parol agreement of insurance as alleged in the first paragraph of complaint. We expressly held that appellant insurance company was liable under the second paragraph of the complaint solely because of the provisions contained in the written application for insurance issued by appellant insurance company and signed by the insured, Gilbert P. Lottes, and the provisions contained in the written receipt attached to said application, which provided for interim insurance if the first premium was paid in full, and that the only parties involved in the written application and receipt were the insured and appellant insurance company.

We further expressly held that the only question involved in this appeal was a question of fact as to the amount of money paid by the insured, Gilbert P. Lottes, to appellant's agent at the time the application for insurance was filed. We stated that, if this amount was equal to the full amount of the first quarterly premium due on the policy applied for in the application, the appellant insurance company was liable in this action, otherwise not. We held that there was sufficient evidence in the record to justify the jury in finding that the insured had paid the full amount of the first quarterly premium.

For the reasons stated, appellant's petition for rehearing is without merit and is hereby overruled.

NOTE.—Reported in 64 N. E. (2d) 805.