KELLEY *v.* STATE.

[No. 28,357.   Filed April 14, 1948.]

*R. Chester Allen,* of *Allen & Allen,* of South Bend, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy, and *Merl M. Wall,* Deputy Attorney General, for the State.

O'MALLEY, J.—The appellant was charged with the rape of a 22 year old girl in January, 1947. After his arrest and appearance he filed a motion for a change of venue from the judge. By agreement the cause was sent to the St. Joseph Circuit Court.

Considering the evidence in its most favorable light to the State, the jury could have found that the appellant and another man, together with the complaining

witness, left the home of a friend and the three people, all sitting in the front seat of an automobile, drove away from the friend's home with the expressed intention of taking the young woman to the place where she lived. Instead of taking her home the appellant, who was driving the car, proceeded to a secluded section of the city or its suburbs and then the men changed seats and the appellant moved to the center of the front seat. He then ordered the girl to get into the back seat. She refused and asked that she be taken to her home as requested before this phase of the ride had started. He refused to take her home and began placing his hands on parts of her body, and after some minutes he took hold of her at the shoulders and knees and threw her over into the part of the car which was in front of the rear seat. He then climbed over the back of the front seat of the car and having placed her on the rear seat in a reclining position, commenced to fondle her in an intimate way. During all of this time she was remonstrating and entreating him not to do those things. While she was entreating him and screaming and crying he proceeded to have intercourse with her. He was a large man and she was a small 95 pound girl and was unable to stop him from having his way with her. After he had completed the act, he went to the front seat and his friend then left the front seat and went to the back seat of the car. The young woman reported the occurrence shortly after it happened. The evidence given by the prosecuting witness was corroborated by the appellant's friend who told of her resistance and of her crying and begging the appellant not to do that to her. The appellant admitted the act of intercourse but claimed that the girl was willing and co-operative.

The jury found the appellant guilty as charged and

he then moved for a new trial and that motion having been overruled, judgment having been entered, and sentence pronounced, this appeal followed.

It is first complained that the court erred in refusing to grant a change of venue from the county. It is admitted that a request for a change of venue from the county in a noncapital case invokes the discretion of the trial court. *Smith* v. *State* (1917), 186 Ind. 252, 115 N. E. 943; *Anderson* v. *State* (1941), 218 Ind. 299, 32 N. E. 2d 705. The affidavits which were filed in support of the motion for the change from the county have not been brought into the record by a bill of exceptions and are not a part of the record under the authorities of this state. *Keene* v. *Russell* (1881), 80 Ind. 163; *Thompson et al.* v. *The Madison Building and Aid Association* (1885), 103 Ind. 279, 2 N. E. 735; *Gerking* v. *Johnson* (1942), 220 Ind. 501, 44 N. E. 2d 90. However, the court has examined the affidavits as set out in the brief of the appellant and from their contents we cannot say that there was any abuse of discretion.

The appellant complains that the witness, Eldon Schwartz, remained in the courtroom during the time that Doctor Wilhelm was on the witness stand and testifying. The applicable rule relative to this question is well stated in the case of *Romary* v. *State* (1945), 223 Ind. 667, 674, 64 N. E. 2d 22, 24, where it is said:

> "The separation of witnesses at a trial is wholly within the discretion of the trial court. *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568. 'Such separation is not required by statute, nor by any rule of the common law. When asked for, it is granted, not of right, but as a favor.' . . . When an order separating witnesses is disobeyed by a witness, it is in the discretion of the court to

permit the examination of such disobedient witness."

The matter was within the discretion of the court. No abuse of that discretion has been shown. See Underhill's, *Criminal Evidence,* § 404, p. 821 (4th ed.).

Complaint is likewise made because a police officer sat at the counsel table in the courtroom. No authority is cited for the above complaint and no showing of harm to the appellant is even claimed. The trial judge had some discretion in the trial of the cause and in the absence of a showing of harm the appellant should not be heard to complain.

It is next contended that the court erred in permitting the prosecuting witness to answer a question relative to the circumstances surrounding the act of rape with which appellant was charged. The objection made at the trial was that it had been gone into before and was mere reiteration. The objection now urged to the above question and used under propositions, points and authorities in his brief is that pain and suffering are outside the issue of rape. The objection raised below is the only one that can be asserted in this appeal and the appellant cannot now assert a different one than that presented to the trial court.

In the case of *Pulley* v. *State* (1910), 174 Ind. 542, 544, 92 N. E. 550, 551, this court made the following observation:

> "It is well settled that a party who objects to evidence must state the grounds of his objection particularly, and if the evidence is received over his objection he must, on appeal to this court, be confined to such specific objection. He cannot, in this court, successfully urge any other objection, however valid such new objection may be."

The above case and *Thompson* v. *The State* (1871), 38 Ind. 39, were cited to support the claims of the appellant that the evidence above referred to should not have been received and that permitting its introduction in evidence constituted error. The above cases do not support his contentions. The latter one is merely authority for the proposition that the one to whom the raped one reports the occurrence can testify that she reported but not what was said by her.

A number of propositions have been made on questions pertaining to the introduction of evidence. In each instance we found it necessary to refer to the motion for a new trial to ascertain what, if any, objection had been made in the trial court. In the course of that examination we found that some leading and suggestive questions were asked and permitted to be answered, but we do not believe that the court abused its discretion in permitting the questions to be answered. The court has a wide discretion in controlling the examination of witnesses. While a cross-examiner is not necessarily restricted to the specific matter of the direct examination and should be permitted to go into any and all phases of the general subject that has been opened on direct examination, nevertheless, the whole matter of cross-examination rests in the sound discretion of the court. See 28 R. C. L., Witnesses, § 196, p. 606; *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822. To show error that will cause a reversal of a cause it is necessary to show to this court that the trial court abused its discretion in the reception of evidence. *Henry* v. *State, supra.* Complaint is made that the State's witness, Doctor Wilhelm, on cross-examination, should have been permitted to enlarge upon an answer to which he had

answered "possibly." It referred to what could have caused an abrasion and the doctor admitted it could have been caused by means other than the one stated. Thereupon the defense said "what?" The record does not show that an objection was made to the question, but the doctor did, in answer to another question, state that the injury might have been caused in other ways. The last answer in effect removed any claim to harm or error regardless of the lack of an objection. The prosecuting witness was asked if she had been injured by the witness, Eldon Schwartz. An objection to this question was sustained and it is now claimed that an answer might have shown that it was he and not the appellant who caused some of her bodily injuries or damage to her clothing. Even if she had answered that Schwartz had injured her or that he had done damage to her clothing it would not have assisted the defense in a material way, especially since he was not with her until after the occurrence which is the basis of the action.

It is likewise claimed to be error that the court refused to permit the witness Schwartz to tell what he did when he went to the back seat of the car immediately after the appellant had completed the act of intercourse. What Schwartz did at that time could not be of value as evidence for or against the appellant in the instant case. The appellant also tried to show on cross-examination that Schwartz had been dishonorably discharged from the army. That question might have elicited information that would go to the moral character of the witness. It is also possible that a discharge could have been issued for many reasons that would not be a blot on the character or integrity of the witness. This question was considered in the case of *Robinson* v. *State* (1925), 197

Ind. 148, 154, 149 N. E. 888, 890, and there it was held that the exclusion of the evidence was not such as to show an abuse of the discretion lodged in the trial court.

The final claim is that the evidence is not sufficient in that it does not show the use of force. If a woman in good faith uses reasonable resistance that is sufficient. The amount of resistance which is necessary to show that the act was committed against the will of the complaining party is a question of fact which must be determined by the jury. *Ritter* v. *State* (1946), 224 Ind. 428, 67 N. E. 2d 530. There is substantial evidence that the prosecuting witness did not willingly join in the act which caused the filing of the criminal charge against the appellant, and that the act was consummated by force. The weight of that evidence was for the jury. *Roby* v. *State* (1939), 215 Ind. 55, 17 N. E. 2d 800; *Ritter* v. *State*, *supra*.

We have carefully examined each claimed error and it seems to us that the appellant has shown no reason for reversing the judgment of the lower court. The judgment is therefore affirmed.

NOTE.—Reported in 78 N. E. 2d 547.