## BEELER *v.* STATE OF INDIANA.

[No. 28,796. Filed April 7, 1952.]

*A. F. Zainey* and *Clinton H. Givan,* both of Indian-apolis, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor, William T. McClain,* and *Norman J. Beatty,* Deputy Attorneys General, for appellee.

JASPER, J.—This is an appeal by Robert Beeler, appellant, who, with Roy Jackson and Howard Randall Smith, was charged by amended affidavit with conspiracy to commit a felony, under §10-1101, Burns' 1942 Replacement. Appellant and his co-conspirators entered pleas of not guilty, trial by jury was waived, the trial court found appellant and his co-conspirators guilty, and judgment and sentence followed.

Appellant and his co-conspirators did not testify, nor did they introduce any evidence.

Appellant makes two principal contentions: (1) That certain evidence was improperly admitted over his objection, and (2) that the decision of the court was not sustained by sufficient evidence and was contrary to law. We shall discuss them in the above order.

A police officer testified to the taking of an extra-judicial confession from the co-conspirator, Howard Randall Smith, which confession was State's Exhibit 2. Appellant contends that the confession was erroneously admitted over his objection, the pertinent part of which is as follows:

"Mr. Condit: At this time the State offers to introduce and read in evidence, State's Exhibit # 2.

"CROSS-EXAMINATION BY LORIN H. KIELY, ATTORNEY FOR DEFENDANT ROY JACKSON, alias CHARLIE W. LEGG:

"Q. At the time you took the statement from Howard Smith, the defendant Roy Jackson was not present, was he?

"A. He was not.

"Q. He was not present?.

"A. That is right, Smith was by himself.

"Q: Smith was there by himself?

"A. Yes.

"Mr. Kiely: Anything bearing as to Roy Jackson would not be competent evidence because the defendant Roy Jackson was not present.

"Mr. Hayes: That would apply to the defendant, Beeler, too.

"Mr. Lockyear: We object to it for the reason that there is no reference in the statement to anything that the defendant is charged with today. There is no connection between the two.

"Court: Objections overruled. It will be admitted as to defendant Smith."

The ruling of the trial court admitted the confession only as to the defendant Smith; therefore, in substance, sustained the objection as to appellant. He was not harmed by this ruling. After the ruling by the trial court, the witness testified, in substance, that the co-conspirator said that appellant, with Roy Jackson and two other men, brought the checks to Howard Randall Smith's home, and the three of them "drew the checks up. They brought along three other men to pass them." To this testimony appellant did not object. Neither were objections made to the evidence which was offered and received on the grounds which he now asserts and relies on. Appellant now urges that the testimony of the co-conspirator could not be admitted until a *prima facie* case of conspiracy had been established. See *Hamilton* v. *State* (1933), 205 Ind. 26, 184 N. E. 170, and *Kreig* v. *State* (1934), 206 Ind. 464, 190 N. E. 181. And, further, that the admissions of the co-conspirator could not be admitted against appellant after the common design had been fully consummated. These objections as urged by appellant were not made at the time of the admission of the testimony. Objections not made in the trial court cannot be considered on appeal. *Kelley* v. *State* (1948),

226 Ind. 148, 152, 78 N. E. 2d 547. In *Pulley* v. *State* (1910), 174 Ind. 542, 544, 545, 92 N. E. 550, 551, this court said:

"The objection made in the court below was not sufficiently specific to present such question. It is well settled that a party who objects to evidence must state the grounds of his objection particularly, and if the evidence is received over his objection he must, on appeal to this court, be confined to such specific objection. He cannot, in this court, successfully urge any other objection, however valid such new objection may be. *Musser* v. *State* (1901), 157 Ind. 423, 430, 431, and cases cited; *Indiana Improvement Co.* v. *Wagner* (1894), 138 Ind. 658, and cases cited; *Stout* v. *Rayl* (1896), 146 Ind. 379; *Bingham* v. *Walk* (1891), 128 Ind. 164.

"It follows that as said objection is made for the first time in this court it cannot be considered . . ."

In *Humble* v. *State* (1928), 199 Ind. 653, 655, 160 N. E. 41, this court said:

"A party objecting to the admission of evidence or moving to strike out must state to the trial court the specific grounds of objections and only such objections are available on appeal as were there made and ought to have been sustained." (Citing cases.)

In *Heyverests* v. *State* (1931), 202 Ind. 359, 362, 363, 174 N. E. 710, 711, this court said:

"A party who objects to the admission of evidence must state or point out to the trial court with reasonable certainty the specific grounds of his objection, and, when such grounds are stated, the implication is that there are not others or, if others, that they are waived. *Howard* v. *State* (1921), 191 Ind. 232, 242, 131 N. E. 403; *Bass* v. *State* (1894), 136 Ind. 165, 171 N. E. 124. If the evidence is received over such objection,

an appellant cannot, in the court of appeal, urge, for the first time, other or different objections, *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1; *Shenkenberger* v. *State* (1900), 154 Ind. 630, 636, 57 N. E. 519 (however valid such objection might have been if it had been presented at the proper time to the trial court, *Pulley* v. *State* [1910], 174 Ind. 542, 544, 92 N. E. 550), but the question raised must be determined by the record as made in the trial court, and the only objections to evidence available on appeal as causes for reversal are those which were presented to and passed upon by the trial court." (Citing cases.)

The trial court did not err in admitting the evidence.

Appellant .further urges that the following testimony was improperly received over his objection:

"DIRECT EXAMINATION BY HON. OLLIE C. REEVES, JUDGE OF SAID COURT:

"Q. Who brought them to his home?

"A. He said he knew two of them, Robert Beeler and Roy Jackson.

"Mr. Hayes: To which we object, your honor, and move that be stricken.

"COURT: Objection overruled."

The objection made by appellant is general and states no specific grounds.

In *Pocker* v. *State* (1926), 197 Ind. 599, 600, 601, 150 N. E. 408, 409, this court said:

"Appellant complains of the admission of three different items of evidence given by witnesses in answer to as many questions. But in two instances the record does not show that the defendant or his attorney stated any ground of objection whatever at the time the evidence was admitted, but only recites that, 'counsel for the defendant now objects to the question, which objection is overruled by the court . . .' And motions to strike out the evidence thus admitted were in the same gen-

eral terms, without stating any reasons why it should be stricken out. A party objecting to the admission of evidence or asking that it be struck out must state to the trial court the specific ground or grounds of objection relied on, and only those objections are available as causes for reversal, on appeal, which were made and ought to have been sustained in the court below. (Citing cases.) No specific objections to this evidence having been made in the trial court, mere general objections are not available as causes for reversing the judgment appealed from."

It is a well-settled rule of practice that when a question is propounded to a witness the opposite party cannot wait until the question is answered, and then, if unfavorable to him, object and ask that the answer be stricken. *Newman* v. *Newman* (1943), 221 Ind. 432, 48 N. E. 2d 455. The objection must be made to the question before it is answered in order to present any question for review. *Edmondsen, Rec.* v. *Friedell* (1928), 200 Ind. 298, 301, 163 N. E. 89; *Western & Southern Life Ins. Co.* v. *Lottes* (1946), 116 Ind. App. 559, 574, 63 N. E. 2d 146, 64 N. E. 2d 405, 805.

The trial court properly overruled the objection and the motion to strike.

Appellant next urges that the following testimony was improperly admitted:

"Q. I will hand you State's Exhibit # 5 and ask you to tell the court whether or not the endorsement of the name Robert Collins on the reverse of that exhibit was made in your opinion by the same person who signed the sheet indicated as the admitted signature of the defendant Beeler?

"Mr. Hayes: To which we are objecting, your honor, the yellow sheets haven't been identified.

"COURT: Objection overruled."

Subsequently, the sheet indicated as the admitted signature of appellant Beeler was properly identified and introduced in evidence, without objection, as ■ State's Exhibit 8. The above testimony having been subsequently connected by the admission of State's Exhibit 8, the trial court did not commit error. *Dixon* v. *State* (1945), 223 Ind. 521, 528, 62 N. E. 2d 629. In *Eaton* v. *State* (1917), 186 Ind. 167, 169, 115 N. E. 329, the court said:

" . . . it appears that the evidence introduced, and of which appellant complains, was not at that time relevant, but if, by the introduction of other evidence later it did become relevant, the error, if any, would not be available. While we cannot commend this practice, yet it is a question largely within the discretion of the trial court, and appellant's remedy, in case the exhibits introduced were not made competent by other evidence, was to move the court to strike them from the record and to withdraw them from the jury."

It was not error for the trial court to overrule appellant's objection.

Because of what we have heretofore said, it is unnecessary to discuss the 7th and 9th causes in appellant's motion for a new trial. The testimony ■ questioned in appellant's 8th cause for a new trial was properly overruled. Previous evidence of the same witness was admitted, without objection, covering the same subject matter. *Dixon* v. *State, supra.*

Appellant further contends that the decision of the court was not sustained by sufficient evidence. The evidence reveals the following: Appellant, with Howard Randall Smith and Roy Jackson, while in Indianapolis, discussed going to Evansville "to make some easy money." Appellant and Roy Jackson, with three other

men, went to Evansville to the home of Howard Randall Smith. Smith knew two of them—Roy Jackson and appellant. At that time they had checks typewritten, and Howard Randall Smith signed them. They brought three other men to pass the checks. On June 7, 1950, one of the checks which was forged by Smith was passed at the liquor store of Kathryn Ossenberg. The check was in the amount of $54.82, payable to Charlie W. Legg, and was endorsed, in the store, "Charley Legg." The check was marked State's Exhibit 1. After noticing the middle initial had not been signed, Mrs. Ossenberg called outside to the man that he had failed to sign his initial. He then ran across the street to a parked car and drove away. A police officer who was standing outside saw the man run across the street to two parked automobiles. He said that he could recognize two of the men—the one with the blue suit and the one with the light shirt—and that the one in the blue suit did not arouse too much suspicion with him when he ran across the street. He took down the license numbers of the two cars, which were AA 4268 and AM 9386. In the two cars there were all together nine people. There were three others in the car with the man wearing the blue suit. The officer further testified that it was the man in the blue suit who ran across the street, and that he had known him all his life. Kathryn Ossenberg further testified that she knew the men by seeing them; that she had known Roy Jackson "for the last couple of years." State's Exhibit 1 was the check cashed. The check was drawn on the account of "'Schindler's' Faultless Radiator." Leo E. Schindler was the owner. Kathryn Ossenberg also endorsed the check, and it was returned by the bank marked "insufficient funds." Leo E. Schindler testified that State's Exhibits 1, 3, 4, 5, and 6 were not signed by him, or in his presence, or by any one with his authority; that

the blank checks were stolen by some one; that at about that time a colored man, in a car from Indianapolis, stopped to have his radiator fixed. There were approximately thirty places in Evansville where they passed checks. A handwriting expert testified that the signature of "Robert Collins" and the admitted signaure of appellant on other checks introduced in evidence were written by the same person. A detective on the police force testified that he had talked with Howard Randall Smith and Roy Jackson, and was told they were together when they came from Indianapolis, and that they went to Smith's house and wrote the checks; that this was told to him by Smith in the presence of Jackson.

This court cannot weigh the evidence, but must determine from the direct and circumstantial evidence, and the inferences to be drawn therefrom, most favorable to appellee, whether there is substantial evidence of probative value upon each material element of the crime charged. *Petillo* v. *State* (1950), 228 Ind. 97, 89 N. E. 2d 623; *Dennison* v. *State* (1952), 230 Ind. 353, 103 N. E. 2d 443. Further, it is the law that incompetent evidence is sufficient to sustain the finding if such evidence is material and has been submitted without proper and timely objection. *Western & Southern Life Ins. Co.* v. *Lottes* (1946), 116 Ind. App. 559, 574, 63 N. E. 2d 146, 64 N. E. 2d 405, 805, *supra*. There is substantial evidence of probative value upon each material element of the offense charged. The appellant's motion for a directed verdict was properly overruled.

After considering all of the contentions of appellant, we find no reversible error.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 2d 744.