TULLIS, GUARDIAN, v. THE FIRST NATIONAL BANK OF ATTICA.

TRUST.—*Mortgage.*—*Release.*—*Pleading.*—*Insolvency.*—Complaint against a bank of deposit, to enforce an alleged trust, alleging that the plaintiff, being the owner and holder of a duly recorded mortgage on certain real estate, released the same that the mortgagor might place another mortgage for a larger sum, on the mortgagor's express agreement to hold such sum for the use of the plaintiff, for the immediate payment of his claim; that the mortgagor, having obtained such sum on such mortgage, de-

posited the same, in his own name, with the defendant, for the use of the plaintiff; and that the mortgagor had died insolvent, before he could order the payment of plaintiff's claim.

*Held,* on demurrer, that the complaint is insufficient.

From the Warren Circuit Court.

*W. D. Wallace* and *A. A. Rice,* for appellant.

*M. Milford,* for appellee.

PERKINS, J.—James M. Tullis, guardian of Charles A. Shaw, a minor, sued the appellee to recover a sum of money.

He alleged in his complaint, that, on the 17th day of March, 1871, he loaned, of the money of his ward, the sum of fifteen hundred dollars to one Elkanah Clark, taking his note therefor, payable five years after date to said Tullis, as guardian as aforesaid, and a mortgage upon certain real estate of said Clark as security for the payment of the same; that afterward, in the Spring of 1874, he released said mortgage upon the record thereof, at the request of said Clark, who wished to mortgage the land for a loan of a larger amount, which release was entered upon the express agreement and condition that the money borrowed should be held for plaintiff's use, and be immediately applied to the payment of the plaintiff's mortgage; that, on the next day after the entry of said release, said Clark went to Lafayette, Ind., where he mortgaged said premises to an insurance company, and obtained a loan of $4000, and at once returned to Attica with said money, where he placed it on deposit in his own name, but for the use of the plaintiff, with the defendant, the First National Bank of Attica, preparatory to paying off the plaintiff's mortgage; that said Clark at once went in search of plaintiff for the purpose of paying off his mortgage, but plaintiff being temporarily absent from town on that day, which was Saturday, could not be found till the next Tuesday, on which day plaintiff and said Clark met for the first time after Clark's return, when it was arranged between them that plaintiff

was to get his note and mortgage, and count the interest on the same, and meet Clark at his store in Attica, at one o'clock of that day, when the mortgage was to be delivered up and the money paid to the plaintiff out of the money so deposited in said bank for him; but plaintiff says, that about noon on said day, as said Clark was going to dinner, he was struck down in the street with paralysis and was carried home, where he remained incapable of transacting any business up to the time of his death, which occurred soon thereafter.

Plaintiff claims that he had acquired an equitable lien on said money, as against the bank, and had a right to have the amount of his mortgage paid over to him by the bank; but, as the bank had otherwise appropriated said money, and the estate of said Clark was insolvent, he prays judgment against the bank for the amount.

A demurrer to the complaint was sustained and final judgment rendered against the plaintiff.

The ruling of the court upon the demurrer is assigned for error in this court.

Did the court err in sustaining the demurrer?

If a third person, for example an agent, have the money of another person in his hands, and deposit it in a bank, in his own name, the beneficial owner may recover the money, or its value, from the bank, where no rights of innocent persons have intervened. *The Farmers, etc., Bank* v. *King*, 57 Pa. St. 202; *Persch* v. *Quiggle*, 57 Pa. St. 247; *Van Allen* v. *The American National Bank*, 52 N. Y. 1.

It is insisted, that the case now before us for decision is such a case. It is claimed, that, when Elkanah Clark received the amount of his loan from the insurance company, the money became at once, in his hands, in equity, the money of Tullis, the appellant in this case, or at least so much of it as would pay the amount due on the mortgage at the time of the execution of the release

thereof mentioned, and that Clark held it as a trustee for appellant, Tullis.

We think it was the money of Clark when received from the insurance company, and that he had done nothing to change the title to it before his death.

The complaint avers, that Clark deposited the money in the bank in his own name, but for the use of the appellant. If he had caused the entry of the deposit on the books of the bank to be made in his own name, " for the use of Tullis," such an entry might have vested the title equitably in Tullis, and been notice of the fact to the bank; but we do not understand the complaint to contain such an averment. We understand the averment to be, that Clark deposited the money in his own name, and intended to use a sufficiency of it for that purpose to pay Tullis, but failed to express that intention in the entry of deposit.

The complaint admits that the bank had appropriated the money otherwise, which it can not be presumed it would have done, had the entry of deposit specified that it was deposited for Tullis, and it would be unreasonable to suppose that a debtor would borrow and deposit four thousand dollars to the use of a creditor in an amount less than two thousand dollars. And further, the time had not arrived, nor had the acts been performed, when, and after the performance of which, Tullis was to be entitled to the money. His mortgage and note were to be brought forward, the interest computed upon them, and they were to be delivered up on the payment of the money, etc.

It seems clear to us, that the title to the money had not vested in the appellant, so as to convert Clark into a trustee for him, nor had a trust attached to any definite part of the money, which he can enforce against the bank. Had the bank had notice of all the facts, it may be that a case for a specific performance of the contract, to specially apply a portion of this money—proper parties being made

defendants—might have been made. See Story Eq. Jur., secs. 759, 760, 761.

The judgment is affirmed, with costs.