EDMONDSEN ET AL., RECEIVERS, *v.* FRIEDELL ET AL.

[No. 25,671. Filed October 5, 1928.]

*James R. Fleming* and *Moran & Gillespie,* for appellants.

*G. A. Henry, G. W. Rauch* and *R. M. VanAtta,* for appellees.

TRAVIS, J.—This is a suit in equity whereby appellants, receivers, ask judgment that appellees hold the real estate concerned, in trust, and for a conveyance of it to them.

Appellees, Max W. Friedell and Carrie W. Friedell, were the president and secretary, respectively, of the Black Panther Oil and Refining Corporation. Appellee Max W. Friedell contracted with one Woelfel and his wife for the purchase of the real estate in question for the purchase price of $25,000. The deed by the grantors was delivered to the First National Bank of Marion, Indiana, in escrow. Thereafter the deed was delivered to appellees by the bank. Appellee Max W. Friedell paid the entire purchase price for the real estate from funds deposited by him in the same bank. Appellee Carrie W. Friedell paid no part of the consideration for the purchase of the real estate. The foregoing facts were given by the court specially, by request, together with others which concern the organization of the corporation and the appointment of appellants as receivers for the corporation, theretofore adjudicated an insolvent, upon which the court stated conclusions of law, that: (1) The law is with defendants (appellees), and that plaintiffs (appellants) are not entitled to recover anything from defendants, and that the real estate is the property of defendants, free from any liens of plaintiffs; and (2) that defendants are entitled to recover costs; which were excepted to by appellants, and judgment was rendered upon the conclusions of law.

Appellants' motion for a new trial was for the causes, that the finding of the court was not sustained by sufficient evidence, and was contrary to law, and because certain evidence was excluded and certain evidence was admitted over objection. The appeal is predicated upon the alleged errors, overruling the motion for a new trial, and the conclusions of law.

The evidence excluded was certain answers contained in the deposition of the wife of Woelfel, one of the grantors of the real estate, that the first payment for the real estate of $5,000 was by a check drawn on a bank in Philadelphia, the name of which she did not recall, and that the check was signed by the name M. W. Friedell, President of the Black Panther Oil and Refining Company. The objection was that the check itself was the best evidence, which the court sustained, unless the proper foundation was laid by evidence. Appellants assert, as a part of their legal proposition, that such foundation was given by evidence. This evidence is not in the brief, and reference to it is not given. The general rule that the best evidence attainable shall be adduced to prove the alleged fact, controls here. We think the evidence was properly excluded. *Jackson* v. *Cullim* (1829), 2 Blackf. (Ind.) 228; *Doe* v. *Reagan* (1839), 5 Blackf. (Ind.) 217; *Cincinnati, etc., R. Co.* v. *McMullen, Admr.* (1889), 117 Ind. 439, 448, 10 Am. St. 67.

The evidence admitted over objection by appellants was appellees' two exhibits, "A" and "B," and an answer by appellee Carrie W. Friedell that her husband "checked against that account" (account in First National Bank, Marion, Indiana, in name of Max W. Friedell, President of Black Panther Oil and Refining Company) for her own and his personal expenses. Appellees' exhibit "A" was the minutes of the first meeting of the board of directors of appellants' insolvent, at which the board organized by electing officers, and by purchasing property with which to do business, paying therefor with the capital stock of the corporation. Appellees' exhibit "B" was the minutes of a meeting of the board of directors concerning compensating Max W. Friedell for his personal stock which the corporation sold for its benefit and for the personal

credit of Max W. Friedell employed for the benefit of the corporation; "the increase of the capital stock of the corporation, and in the increase of the capital stock that he (Max W. Friedell) receive the same in proportion to the increase of assets which employment of his money said stock had secured," and that M. W. Friedell "continue the sale of stock on the same basis as before, as to expense and payment of commission." ° By oral evidence it was shown that both the corporation and Max W. Friedell sold capital stock of the corporation, the property of Max W. Friedell, and deposited part of the proceeds of these sales in the bank upon which the checks in question were drawn. Mr. Friedell checked against this account for both his wife and his own needs and expenses, and also for the payment of $20,000 in final payment for the real estate. The error predicated upon the ruling of the court permitting Mrs. Friedell to testify that her husband checked against this account in the First National Bank of Marion, Indiana, is not well assigned. The statement does not amount to an objection; it is, "I don't see how that is material here; what has that to do with the case," and this remark was not made until the question had been fully answered. No error is thus presented. These are the only errors sought to be presented to show that the special findings are not sustained by the evidence. In so far as the errors presented upon the evidence are concerned, the findings of the court are sustained by the evidence. Overruling the motion for a new trial was not error.

Furthermore, it was appellants' duty as plaintiffs to go forward and prove that the account in the bank consisted of funds, the property of the corporation. ██ In this they failed. No proof was offered by appellants of the deposit of any money in the account, either that belonged to the corporation or to Friedell personally. The form of a bank account as

adopted by its owner is not sufficient alone to establish the intent to create a trust in behalf of another; and the opening of an account with a bank, declared to be in trust for another, is not conclusive proof that will establish a trust, if the depositor did not thereby intend to do so. *Bolton* v. *Bolton* (1923), 306 Ill. 473, 138 N. E. 158; *Cleveland* v. *Hampden Savings Bank* (1902), 182 Mass. 110, 65 N. E. 27.

In this case, the evidence of the name in which the bank account stood, is insufficient to establish the fund a resulting trust, and it was necessary to resort to parol evidence to establish the trust as an ultimate fact. Such evidence, by parol, must be clear, strong, unequivocal, unmistakable. The evidence in support of the complaint as shown by the record will not stand this test. 3 Pomeroy, Equity Juris. (4th ed.) §1040.

The court did not err in its conclusions of law.

Judgment affirmed.

Gemmill, J., does not participate in this opinion.