BUSH *v.* STATE OF INDIANA.

[No. 30,497. Filed June 11, 1965.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

LANDIS, J.—Appellant was charged by affidavit with uttering forged instrument. After a trial by the court without the intervention of a jury, appellant was found guilty and fined in the sum of $1.00 and costs and sentenced for a term of two to fourteen years.

Appellant contends that the court's finding is contrary to law and not sustained by sufficient evidence in that the alleged forged instrument appearing in the affidavit was purportedly drawn to the order of one "Harlan Graves" and endorsed by "Harlan Graves" whereas according to appellant the sole witness testified the instrument was indorsed by Harold Graves or L. Graves, viz:

"Q. And what name is that?

"A. I can't remember.

"Q. Well, would you read it, sir?

"A. Harold Graves.

"Q. L. Graves?

"A. L. Graves.

"Q. And is the name that appeared on the driver's license . . .

"A. Yes.

"Q. . . . L. Graves?

"A. That's right." (Tr. p. 40, l. 7 to 16.) and

"Q. Was there a name on that check before your endorsement, Mr. Talesnick?

"A. No, sir.

"Q. Is that your name Mr. Talesnick?

"A. No, sir.

"Q. Whose name is that?

"A. The man that gave me the check.

"Q. And whose name is it?

"A. L. Graves. He signed it. L. Graves.

"Q. Who signed the check, Mr. Talesnick?

"A. The gentleman sitting there.

"Q. What name appears on the check?

"A. L. Graves." (Tr. p. 43, l. 13 to 25.)

There are two reasons appellant cannot prevail on this appeal.

In the first place appellant was found guilty by the trial court on April 17, 1963, and his motion for new trial was not filed until June 7, 1963, which is more than 30 days after the finding contrary to the requirements of Burns' §9-1903 (1956 Repl.).[1] The motion is not to be treated as a belated motion for new trial as it does not come within the provisions of Rule 2-40 of this Court pertaining to the filing of belated motions for new trial.

Secondly, irrespective of the procedural defects in appellant's case, there is no merit to appellant's contention that a fatal variance exists between the endorsement name alleged in the affidavit and the evidence introduced to prove the name of such endorser.

As heretofore stated the affidavit alleged the name on the endorsement of the check in question was that of "Harlan Graves" whereas appellant contends oral proof shows the endorsement was in the name of Harold Graves or L. Graves. Without considering the materiality of such variance, other evidence was to the contrary as State's exhibit No. 1, which was the identical check as described in the affidavit, was itself introduced into evidence without objection and showed the endorsement by "Harlan Graves." The check itself was the best evidence of its contents under the best evidence rule. *Edmondsen, Rec.,* v. *Friedell* (1928), 200 Ind. 298, 301, 163 N. E. 89, 90; *The Ohio Insurance Company* v. *Nunemacher* (1858), 10 Ind. 234, 237; 12 I.L.E., Evidence, §85, p. 524. In considering on appeal the sufficiency of the evidence to sustain the decision of the lower court, we look only to the evidence favorable to the appellee, and do not attempt to weigh conflicting evi-

1. Acts 1905, ch. 169, §282, p. 584.

dence to determine the preponderance. As probative evidence in the record supported the allegations of the affidavit as to the names appearing on the endorsement, we fail to see how there is any merit in appellant's contention as to a variance between the affidavit and the proof.

Judgment affirmed.

Myers, Achor and Arterburn, JJ., concur; Jackson, C. J., concurs in result.

NOTE.—Reported in 207 N. E. 2d 625.