FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF EVANSVILLE, A CORPORATION *v.* JERRY P. BAUGH, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARGARET LOUISE BRUMBELOE, DECEASED, JAMES C. BRUMBELOE, JR., JERRY A. ATKINSON, AS GUARDIAN AD LITEM OF CAROL D. BRUMBELOE KING, MARTHA G. HOLT, GUARDIAN OF THE ESTATE OF WILLIAM JEFFERS BRUMBELOE, A MINOR.

[No. 1-573A90. Filed April 30, 1974.]

*Charles C. Griffith, Johnson, Carroll and Griffith,* of Evansville, for appellant.

*Jerry P. Baugh, Baugh and Baugh,* of Evansville, for appellee Jerry P. Baugh, Personal Representative; *Harold T. Ackerman,* of Center Point, Alabama, Robert S. Matthews, Matthews and Shaw, of Evansville, for appellee Martha G. Holt, Guardian, *Jerry A. Atkinson, Hayes and Atkinson,* of Evansville, for appellee Jerry A. Atkinson, Guardian Ad Litem.

LYBROOK, J.—This appeal stems from the decision of the trial court in ruling on various motions for summary judgment in plaintiff-appellee Jerry P. Baugh's (Baugh) action for declaratory judgment to determine the disposition of certain savings accounts held by defendant-appellant First Federal Savings & Loan Association of Evansville (First Federal.)

The primary issue presented for review is whether the tentative trust of savings deposits, or so-called "Totten trust", doctrine is recognized in this state. The resolution of other subsidiary questions raised by appellant is contingent upon the determination of this central issue.

The parties stipulated, and the court found, that there existed no material issues of fact in this cause. The exhibits, pleadings, and affidavits reveal the following:

James C. Brumbeloe (James) and Margaret L. Brumbeloe (Margaret) were husband and wife, their children being James C. Brumbeloe, Jr. (James, Jr.), Carol D. Brumbeloe King (Carol), and William Jeffers Brumbeloe (William). Margaret died intestate on May 24, 1971, James having predeceased her on March 4, 1969.

On March 13, 1967, savings account no. W-21,113 was opened at First Federal in the name of "James C. Brumbeloe, trustee for Carol D. Brumbeloe." Subsequently, on October 4, 1968, savings account no. VR-503 was opened in the name of "James C. Brumbeloe, trustee for William J. Brumbeloe." The record reveals a savings certificate for this latter account issued for the sum of $11,000.

On June 20, 1969, three months after James' death, Margaret's name was substituted for that of James on each of these accounts, and new signature cards were issued specifically reserving to the undersigned grantor (Margaret) the right to revoke the trusts.

On October 23, 1969, Margaret borrowed the sum of $7,000 from First Federal for which she signed a promissory note. At that same time, she executed a form purporting to transfer and assign account no. VR-503 to First Federal as security for the loan. One month later, Margaret borrowed an additional sum of $500 and again executed a form purporting to give First Federal a security interest in account no. VR-503. The proceeds of these loans were apparently applied to the purchase of a house which Margaret owned at the time of her death on May 24, 1971.

It appears that no withdrawals or deposits were ever made to account no. VR-503. While the history of account no. W-21,113 is less clear, the balance as of May 24, 1971, was $619.48.

Plaintiff-appellee Baugh, as personal representative of Margaret's estate, initiated this action seeking to recover for the estate the balances in the savings accounts in the

sum of $11,619.48, together with interest accruing from the date of Margaret's death. Named with First Federal as defendants were James, Jr., Carol, and Martha G. Holt (Holt), guardian of the estate of William, a minor. Jerry A. Atkinson (Atkinson) was subsequently appointed guardian ad litem for Carol, a minor.

First Federal answered, cross-claimed, and counterclaimed, alleging a valid lien or security interest in the accounts. Holt cross-claimed alleging beneficial ownership of the accounts in Carol and William. Atkinson cross-claimed in two paragraphs alleging beneficial ownership in Carol or Carol and William. Holt then filed a second paragraph to his cross-claim alleging beneficial ownership of account No. VR-503 in William.

Following the filing of various supplemental pleadings, the parties filed their various motions for summary judgment, with the exception of James, Jr., a member of the armed forces, who filed his personal appearance and waiver of relief under the Soldiers' and Sailors' Civil Relief Act.

The court sustained the motions of Holt and Atkinson, denied those of Baugh and First Federal, and ruled that James, Jr., should take nothing. It was ordered, adjudged, and decreed that William had been the owner of account no. VR-503, since March 4, 1969, the date of his father's death, and that the sum of $11,000 together with interest accrued from that date should be paid by First Federal to Holt, as guardian of William's estate. It was further ordered, adjudged, and decreed that Carol was the owner of account no. W-21,113, consisting of the sum of $619.48 plus accrued interest.

First Federal timely filed its motion to correct errors which was overruled, and this appeal follows.

The following definition of a tentative trust of a savings deposit was adopted and promulgated by the American Law Institute in 1957:

"Where a person makes a deposit in a savings account in a bank or other savings organization in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust." *Restatement (Second) of Trusts* § 58 (1959).

Such a trust is commonly referred to as a "Totten trust", this term being derived from the case of *In re Totten* (1904), 179 N.Y. 112, 71 N.E. 748. Therein, the court formulated the following definition:

"After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

Numerous jurisdictions have expressly recognized the validity of this type of trust. See, *Restatement (Second) of Trusts, Appendix* § 58 (1959); 1 *Scott on Trusts* §§ 58-58.6 (3rd ed. 1967); *Bogert, Trusts and Trustees* § 47 (2d ed. 1965).

First Federal contends that the doctrine of tentative trusts of savings deposits, or "Totten trusts," is not recognized in Indiana and that therefore the savings accounts opened by James C. Brumbeloe vested in the personal representative of his estate upon his death. We cannot agree.

It is true that there has been no case in this jurisdiction expressly adopting the doctrine as expressed in *In re Totten,*

*supra.* However, recognition of this well-known common law rule is implied in the following dictum from *Tullis* v. *First National Bank of Attica* (1878), 60 Ind. 556:

> "The complaint avers, that Clark deposited the money in the bank in his own name, but for the use of the appellant. *If he had caused the entry of the deposit on the books of the bank to be made in his own name, 'for the use of Tullis,' such an entry might have vested the title equitably in Tullis, and been notice of the fact to the bank;* but we do not understand the complaint to contain such an averment. We understand the averment to be, that Clark deposited the money in his own name, and intended to use a sufficiency of it for that purpose to pay Tullis, but failed to express that intention in the entry of deposit." (Our Emphasis.)

First Federal's contention is further discredited by the existence of the following statutory language found in IC 1971, 28-1-20-1 (b) (Burns Code Ed.):

> "Whenever any deposit shall be made in any bank or trust company by any person which is in form in trust for another, and no other notice of the existence and terms of a valid trust shall have been given in writing to the bank, in the event of the death of the trustee, the deposit or any part thereof, together with any interest thereon may be paid to the person for whom the deposit was made. Nothing in this subsection shall be construed to excuse any bank or trust company from complying with applicable provisions of the Inheritance Tax Law of this State."

In *Seymour* v. *Seymour* (Fla. 1956), 85 So. 2d 726, a nearly identical statute was a contributing influence to the court's decision accepting the "Totten trust" doctrine in Florida.

> We therefore expressly recognize the validity of the doctrine of tentative trusts of savings deposits, or "Totten trusts," in this jurisdiction.

In the case at bar, James C. Brumbeloe opened two separate savings accounts as trustee for his children William and Carol, respectively. He did not revoke these accounts prior to his death on March 4, 1969. Applying the rule set forth in *In re Totten, supra,* a presumption

arises that absolute trusts as to the balances in the accounts as of that date were created in favor of the respective beneficiaries, William and Carol.

This analysis does not violate the general rule in this jurisdiction that use of the words "trust" or "trustee" in connection with deposits is not controlling. *Rowe* v. *Rand* (1887), 111 Ind. 206, 12 N.E. 377; *Edmondsen* v. *Friedell* (1928), 200 Ind. 298, 163 N.E. 89. The facts merely create a presumption which may be rebutted by a showing that the depositor did not intend to establish a trust.

The question of the depositor's intent generates doubt in our minds as to the appropriateness of disposing of such a case by summary judgment, given the general rule that the motion is properly denied where there exists a question of state of mind. *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N.E.2d 448. However, no argument to this effect has been raised by appellant at any stage of the proceedings, and therefore that issue is not before us.

"Point 2" of the argument section of First Federal's brief reads:

> "Even if the court adopts the 'Totten trust' doctrine in the state of Indiana, Margaret L. Brumbeloe was the trustee of said account as of October 23, and November 26, 1969, and clearly had the power to revoke account no. VR-503."

Appellant's argument with respect to this contention must fail. The tentative trusts created by Margaret's husband, James, vested in the beneficiaries, William and Carol, at James' death. Subsequently, First Federal inserted Margaret's name as trustee on each account. However, since the trusts had already vested in the children, her designation as trustee did not confer any power over the funds. Margaret's subsequent attempts to assign account no. VR-503 to First Federal as security for the loans made to her were of no consequence and could not have affected the interest of William in the account.

Finally, First Federal contends that it is entitled to an equitable lien upon the real estate which Margaret purchased using the proceeds of the loans. The basis of appellant's argument is that William, as an heir of Margaret, has made a "double recovery" as to the extent of his interest in the real estate.

Appellant could have timely filed a claim against Margaret's estate for the balance owing on her loans within the statutory period provided in IC 1971, 29-1-14-1 (Burns Code Ed.). Appellant should not be permitted to acquire through equity that right which it allowed to lapse at law. Since the accounts had vested in the children at the death of their father, Margaret's attempt to assign the larger account does not furnish a suitable foundation for an equitable lien and the trial court was correct in denying such relief to appellant.

Appellant First Federal having failed to demonstrate reversible error in the proceedings of the trial court, judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 310 N.E.2d 101.