**Linda PETRO, Plaintiff-Appellant,**

v.

**James Y. McCULLOUGH,
Defendant-Appellee.**

No. 1–578A112A.

Court of Appeals of Indiana,
First District.

Feb. 26, 1979.

William L. Allen, III, New Albany, for plaintiff-appellant.

Orbison, O'Connor, MacGregor & Mattox, Richard G. Bolin, New Albany, for defendant-appellee.

ROBERTSON, Judge.

Plaintiff-appellant Linda Petro (Petro) appeals the grant of summary judgment in favor of defendant-appellee James Y. McCullough (McCullough).

We reverse.

On or about April 29, 1970, Petro was admitted to the Floyd Memorial Hospital as an expectant mother. While hospitalized, she was encouraged to submit to the sterilization procedure of tubal ligation which was subsequently performed by McCullough. The instant action was commenced for recovery of damages due to the sterilization operation on the grounds that she was incompetent to consent to the operation

and that McCullough knew or should have known of such legal disability when the consent was procured.

The matters on file revealed that Petro was judicially committed to a mental institution in 1966 as a regular patient and was committed again at various times thereafter. McCullough admitted that Petro had been diagnosed as "mildly unstable and mildly retarded." The trial court nevertheless declared that Petro freely and voluntarily consented to sterilization and that she had never been of such incapacity as to be adjudged judicially incompetent. Therefore, the focus of the litigation at this stage was directed to Petro's mental competency, and, for the reasons which follow, we believe the trial court *resolved* questions of fact rather than determining *whether* there was a question of fact.

■ Summary judgment is proper only where there is an absence of a material fact, and the burden is upon the proponent to establish that questions of law are the only issues before the court. *Randolph v. Wolff,* (1978) Ind.App., 374 N.E.2d 533. The facts established by the opponent must be taken as true, and all doubts must be resolved against the moving party. *Crase v. Highland Village Value Plus Pharmacy,* (1978) Ind.App., 374 N.E.2d 58; *Randolph, supra.* Where the question of a person's state of mind is subject to dispute and is material to the case, summary judgment is improper. *Bassett v. Glock,* (1977) Ind. App., 368 N.E.2d 18; *First Federal Savings & Loan Association of Evansville v. Baugh,* (1974) 160 Ind.App. 102, 310 N.E.2d 101; *Wozniczka v. McKean,* (1969) 144 Ind.App. 471, 247 N.E.2d 215. Other jurisdictions hold that the mental capacity of a patient to consent is a question for the trier of fact. *Grannum v. Berard,* 70 Wash.2d 304, 422 P.2d 812 (1967); *Matter of Schiller,* 148 N.J.Super. 168, 372 A.2d 360 (1977). Lastly, mere improbability of recovery is no basis for the prophylactic effect of summary judgment, and this procedural device does not authorize an abbreviated trial on the merits. *Bassett, supra.*

■ With the foregoing in mind, we believe Petro should be given the opportunity to present the issue of her mental capacity to execute the consent to the trier of fact. McCullough asserts that even if Petro was "mentally ill," her incompetency to consent is not established thereby. We are not concerned, however, with whether Petro could or did establish a *prima facie* case. Rather, our analysis is confined to the narrow issue of whether a genuine issue of material fact is presented by the record, and the ultimate success of Petro in sustaining her burden of proof is a matter beyond our review. Since the issue of an actor's state of mind is particularly appropriate for a factual resolution, and the evidence and inferences therefrom must be considered in a light most favorable to the non-moving party, we believe Petro's fate is better left to a jury than to the court on a motion for summary judgment.

Reversed and remanded for further proceedings consistent with the views stated herein.

LOWDERMILK, J., concurs.

BUCHANAN, C. J. (sitting by designation), concurs.